# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Robert L. Pitts, Chairman, Fulton
County Board of Commissioners, Fulton
County Board of Registration and
Elections, and Fulton County, Georgia,

      *Petitioners,*

   v.

United States of America,

      *Respondent.*

Case No. 1:26-CV-00809

## UNITED STATES OF AMERICA'S
## MOTION TO VACATE EVIDENTIARY HEARING AND
## QUASH SUBPOENA,
## AND BRIEF IN SUPPORT

The United States of America respectfully moves to vacate the evidentiary hearing currently set for February 27 on Petitioners' Rule 41(g) motion to return original materials lawfully seized pursuant to a search warrant signed by Judge Salinas during an ongoing federal criminal investigation. In lieu of an evidentiary hearing, the Court could hold oral argument on the motion if the Court would find it helpful.[1]

An evidentiary hearing is unnecessary to decide the Rule 41(g) motion, which is defective as a matter of law in numerous respects. As demonstrated below and in the United States's simultaneously filed opposition to Petitioners' Rule 41(g) motion, the undisputed facts confirm Petitioners are clearly not entitled to relief—and thus an evidentiary hearing is inappropriate. Among other reasons, Petitioners have no possessory interest in the records at issue, the United States did not callously disregard Petitioners' constitutional rights by obtaining a judicially authorized search warrant, Petitioners cannot satisfy any of the Rule 41(g) equitable factors, and there is undoubtedly a continued need for the United States to retain the seized evidence for use in its ongoing criminal investigation.

---

[1] Counsel for the United States previously communicated to the Court and opposing counsel that the United States did not oppose a "hearing" during the week of February 23, but the government understood that to refer to hearing oral arguments on the motion.

Even putting all that aside, to the extent Petitioners intend to turn any such evidentiary hearing into a free-ranging *Franks*-style hearing to challenge the affidavit underlying Judge Salinas's probable cause determination (or an even broader hearing to probe an ongoing criminal investigation, as their *Touhy* letter indicates), such a hearing is entirely unnecessary. *See* Part II, *infra*. Precedent imposes an extraordinary burden to obtain a *Franks*-style hearing—a burden that Petitioners have not come close to satisfying.

Caselaw imposes these significant burdens on Petitioners because an evidentiary hearing on a Rule 41(g) motion risks compromising an ongoing federal criminal investigation. *See* Part III, *infra*.

Finally, for similar reasons, the Court should quash Petitioners' subpoena for the testimony of the search warrant affiant.

The Court should accordingly vacate the evidentiary hearing and instead proceed with oral argument if the Court would find it helpful.

## ARGUMENT

### I.    The Undisputed Facts Confirm That Petitioners' Rule 41(g) Motion Fails—And Thus No Evidentiary Hearing Is Necessary.

An evidentiary hearing is unnecessary here because the Court can and should resolve Petitioners' unprecedented Rule 41(g) motion on the papers, along with oral argument if the Court would find it helpful. *See United States v. Foster*,

635 F. App'x 818, 823 (11th Cir. 2015) ("[T]he district court was not required to hold an evidentiary hearing before ruling on Foster's [Rule 41(g)] motion.").

Rule 41(g) does not contemplate freewheeling inquiries into federal criminal investigations. "Only the narrowest of circumstances permit a district court" to grant *any* relief under Rule 41(g). *Trump v. United States*, 54 F.4th 689, 697 (11th Cir. 2022). As explained in more detail in the United States's response to Petitioners' renewed Rule 41(g) motion, Petitioners fail on every relevant factor, even considering only the undisputed material facts.

First, Petitioners have no possessory interest in the records, which were held by the Clerk of the Fulton County Superior Court—who is conspicuously absent from this case.

Second, as a matter of law, Petitioners cannot use Rule 41(g) to argue this affidavit did not actually establish probable cause. "The magistrate judge decided that issue when approving the warrant." *Trump*, 54 F.4th at 701. It is exceedingly difficult to show "callous disregard of constitutional rights" in that circumstance, and Petitioners do not come close. *Id.* at 698 (citing *Richey v. Smith*, 414 F.2d 1239, 1243 (5th Cir. 1975)). Among many other reasons, the United States executed the search warrant at issue here only after Judge Salinas found that the supporting affidavit established probable cause. Preparing an exceedingly detailed affidavit and presenting it to a federal judge for a probable-cause determination is the exact

3

opposite of "callous disregard" for Petitioners' constitutional rights. *Id.* There can be no "callous disregard … in view of the agents' efforts to comply with the warrant requirement, and the [magistrate] judge's approval of the search." *Matter of Search of 4801 Fyler Ave.*, 879 F.2d 385, 388 (8th Cir. 1989).  And, as discussed further below, Petitioners could not satisfy *Franks* under the "callous disregard" (or any) standard.

Third, the United States's "need for the property as evidence continues." *United States v. Garcon*, 406 F. App'x 366, 370 (11th Cir. 2010) (quoting *United States v. Pierre*, 484 F.3d 75, 87 (1st Cir. 2007)). The investigation is in its early stages, and there is a possible future trial. *See United States v. Alford*, 805 F. App'x 924, 926 (11th Cir. 2020). Further, the affidavit submitted in support of the search warrant explains that the original materials lawfully seized pursuant to Judge Salinas's warrant include information that may not be perceptible in mere electronic copies, like whether a ballot was creased or folded (and Petitioners seek the return of even such copies). Doc. # 22-2 ¶¶ 9(d), 52-53, 58-59; Pets.' Br. 35. Additionally, it makes no sense to order original evidence returned to Petitioners when there is probable cause to believe such records were not properly retained and preserved in the first place, and when the Clerk has indicated an intent to divest or destroy those records, as detailed in the United States's response to Petitioners' renewed motion.

Finally, even if the undisputed facts did not establish an ongoing need for the United States to retain the original materials, an evidentiary hearing is still improper. For the United States to prevail, it need only "have and state a legitimate reason" for retaining the seized materials. *Garcon*, 406 F. App'x at 369. Even if Petitioners dispute these bases, that is insufficient to grant Rule 41(g) relief, let alone hold an evidentiary hearing. The United States has "state[d] a legitimate reason" for retaining the seized materials, and that is sufficient. *Id.*

* * *

Because the undisputed record establishes that Petitioners' motion should be denied, an evidentiary hearing is unnecessary and would be improper.

## II.    Petitioners Have Failed to Make the Showing Necessary for a *Franks*-Style Evidentiary Hearing Attacking the Affidavit.

The scheduled evidentiary hearing should be canceled for another reason. Petitioners apparently envision the proceeding as akin to a *Franks* hearing, where they can seek to test certain substantive aspects of the affidavit supporting the search warrant. More than that, Petitioners' *Touhy* letter suggests that they wish to use the hearing to "understand the investigation" and, among other things, test the affiant's statement "that he has not included in the affidavit every detail of the investigations or of parts of the conversations and statements he described in the affidavit." Ex. A. As explained above, that is flatly inappropriate in the context of Rule 41(g). If it were otherwise, every search warrant would be immediately

5

attacked in a collateral proceeding, with demands for evidentiary hearings to get a sneak peek at the federal government's ongoing criminal investigations.

Even assuming a more limited *Franks*-style hearing is available in the Rule 41(g) context, Petitioners are still not entitled to such a hearing because they have not made an "offer of proof" establishing that any "portion of the warrant affidavit" reflects "deliberate falsehood or reckless disregard for the truth" by "the affiant." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). That is an exceedingly demanding standard because "[t]here is, of course, a presumption of validity with respect to the affidavit supporting the search warrant." *Id.* at 171.

That standard also reflects an even stronger presumption of good-faith reliance on sources, because *Franks*-style hearings cannot be used to impeach "any nongovernmental informant" (rather than the affiant himself). *Id.* 171. In other words, in this context, only the affiant's mindset matters, and he is strongly presumed to have acted appropriately.

As explained in more detail in the United States's response to Petitioners' renewed Rule 41(g) motion, the affiant here presented a good faith and balanced recitation, and Petitioners' attacks about the 2020 election and purported witness bias are beside the point.

Petitioners would further have to demonstrate that, setting aside any proven deliberate falsehoods (and there are none here), the affidavit no longer

included "sufficient content … to support a finding of probable cause." *Franks*, 438 U.S. at 172. But here, the most relevant facts are undisputed and speak for themselves, as explained in the United States's Rule 41(g) opposition brief. Petitioners rely on isolated purported omissions that would not move the needle on Judge Salinas's probable cause finding. This demonstrates not only why the Rule 41(g) motion must be denied, but also why an evidentiary hearing is unnecessary. The Court should thus vacate the evidentiary hearing.

## III. An Evidentiary Hearing Would Interfere in an Ongoing Federal Criminal Investigation.

Precedent imposes extraordinary burdens and limitations on requests like Petitioners' precisely because such demands "unnecessar[ily] interfere[] with the executive branch's criminal enforcement authority." *Trump*, 54 F.4th at 697. Accordingly, the Eleventh Circuit has refused to "requir[e] federal courts to oversee routine criminal investigations beyond their constitutionally ascribed role of approving a search warrant based on a showing of probable cause." *Id.* at 701.

Petitioners—the premature challengers of a judicially approved search warrant issued during an ongoing federal criminal investigation—all but admit they plan to use any hearing to fish for investigative information for their own benefit. *See* Ex. A. This is a classic case of a target improperly using a Rule 41(g) motion "for strategic gain." *In re Sealed Case*, 716 F.3d 603, 607 (D.C. Cir. 2013).

A hearing would also likely require the Court to rule on difficult and hotly contested privilege disputes, vastly complicating what should be a simple denial of Petitioners' unprecedented attempt to use Rule 41(g) to recover evidence seized during an ongoing criminal investigation. *See, e.g.*, *In re Sealed Case*, 121 F.3d 729, 755 (D.C. Cir. 1997); *see also United States v. Tzannos*, 460 F.3d 128, 139 (1st Cir. 2006) (a court may not "insist[] on going forward with [a] procedure of its own devising" in a manner that "effectively eliminate[s] [a] privilege the government has"). After all, "all investigative reports are confidential documents of the executive department of the Government . . . .  Counsel for a defendant or prospective defendant . . . could have no greater help than to know how much or how little information the Government has, and what witnesses or sources of information it can rely upon." *Congressional Requests for Information from Inspectors General Concerning Open Criminal Investigations*, 13 Op. O.L.C. 77, 81 (1989) (quoting 40 Op. Att'y Gen. 45, 46 (1941)).

Further, given the subject matter at issue, the nature of their renewed motion, and the intent stated in their *Touhy* letter, Petitioners risk turning any such hearing into a circus as they attempt to litigate and explore matters not at issue in this narrow Rule 41(g) context.

## IV. The Court Should Quash Petitioners' Subpoena.

In connection with the hearing they anticipate, Petitioners have served FBI Special Agent Hugh Raymond Evans with a subpoena. Because no evidentiary hearing is necessary or appropriate, the Court should quash the subpoena.

Supreme Court caselaw recognizing the authority of federal agencies to regulate the disclosure of their information further supports vacating the hearing and quashing the subpoena. In *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the Court held that a federal employee could not be held in contempt for refusing to produce subpoenaed documents, where his refusal was based on regulations prohibiting the disclosure of official information without prior authorization. *Id.* at 468. Nor did such regulations invade the authority of the Courts to determine the admissibility of evidence. *Id.* at 468-70.

Petitioners' request for Special Agent Evans's testimony requires the Department to "consider … the factors set forth in § 16.26(a)," 28 C.F.R. § 16.23(a), which in turn state that "[i]n deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider: (1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and (2) Whether disclosure is appropriate under the relevant substantive law concerning privilege," *id.* § 16.26(a).

9

As explained above and in the United States's Rule 41(g) opposition, Special Agent Evans's testimony is not appropriate under governing precedent and would also squarely implicate numerous government privileges.

The Department's *Touhy* regulations also prohibit "reveal[ing] or furnish[ing] any material, documents, testimony or information when, in the attorney's judgment, any of the factors specified in § 16.26(b) exists." 28 C.F.R. § 16.23(a). Those factors include:

> (1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, F.R.Cr.P., Rule 6(e), (2) Disclosure would violate a specific regulation; (3) Disclosure would reveal classified information, unless appropriately declassified by the originating agency, (4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection, (5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired, (6) Disclosure would improperly reveal trade secrets without the owner's consent.

*Id.* § 16.26(b).

As noted, Petitioners' *Touhy* request and cover letter indicate that they wish to use Special Agent Evans's testimony to "understand the investigation" and, among other things, test his statement "that he has not included in the affidavit every detail of the investigations or of parts of the conversations and statements he described in the affidavit." Ex. A. Because the topics on which Petitioners wish to question Special Agent Evans involve the subject of an ongoing federal criminal

investigation, their request falls squarely within § 16.26(b)(5), which prohibits authorizing testimony that "would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." *Id.* § 16.26(b)(5). Petitioners' Rule 41(g) motion and request for Special Agent Evans's testimony are attempts to gain information about the ongoing criminal investigation, which is not only improper under the Department's *Touhy* regulations but also squarely foreclosed by precedent.

Because allowing the requested testimony is unauthorized under precedent, would reveal information compiled for investigative purposes, and would interfere with ongoing law enforcement proceedings, *see* 28 C.F.R. §§ 16.26(a), (b)(5), the Court should quash Petitioners' subpoena of February 18, 2026.

## CONCLUSION

For the foregoing reasons, the Court should modify its scheduling order by vacating the evidentiary hearing scheduled for February 27, 2026, and the Court could instead hold oral argument if the Court would find it helpful. The Court should quash Petitioners' subpoena for the testimony of Special Agent Evans.

Respectfully submitted,

STANLEY E. WOODWARD, JR.
*Associate Attorney General*

/s/ THOMAS C. ALBUS
THOMAS C. ALBUS
*Special Attorney to the Attorney General*
*and United States Attorney for the*
*Eastern District of Missouri*
Missouri Bar No. 46224
Thomas Eagleton U.S. Courthouse
111 S. 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-2200

A. TYSEN DUVA
*Assistant Attorney General – Criminal*
*Division*

R. TRENT MCCOTTER
*Associate Deputy Attorney General*

MICHAEL WEISBUCH
*Senior Counsel to the Associate Attorney*
*General*

PETER L. COOCH
*Trial Attorney/Senior Counsel, Criminal*
*Division*

**Certificate of Compliance**

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing

brief has been prepared using Book Antiqua, 13 point font.

/s/ THOMAS C. ALBUS
THOMAS C. ALBUS
*Special Attorney to the Attorney General*
*and United States Attorney for the*
*Eastern District of Missouri*
