# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Robert L. Pitts, Chairman, Fulton County Board of Commissioners, and Fulton County Board of Registration and Elections,

    *Petitioners*,

v.

United States of America,

    *Respondent*.

Case No. 1:26-CV-00809

## UNITED STATES OF AMERICA'S PARTIAL OPPOSITION TO JUSTIN GLAWE'S MOTION TO INTERVENE, AND BRIEF IN SUPPORT

Numerous major media entities sought to intervene for purposes of obtaining judicial records in this case. After the United States agreed to file the search warrant affidavits with minor redactions, those media entities all withdrew their motions.[1]

---

[1] Those media entities include: Advance Publications, Inc.; American Broadcasting Companies, Inc. d/b/a ABC News; the Associated Press; Axios Media Inc.; Bloomberg L.P., the publisher of Bloomberg News; Cable News Network, Inc.; Dow Jones & Company, Inc., publisher of The Wall Street Journal; the E.W. Scripps Company; Gray Local Media, Inc., d/b/a WANF; NBCUniversal Media, LLC d/b/a NBC Universal News Group; The New York Times Company; POLITICO

One putative intervenor remains. Justin Glawe contends his motion is not moot and asks that several additional categories of materials be unsealed. *See* ECF No. 31.

As the parties' prior filing indicates, *see* ECF No. 37, given that the search warrant affidavits have already been unsealed (with redactions), the United States does not object to an order directing the United States to publicly file copies of the docket sheets in 26-MC-158 and 26-MC-177, the motions to seal in 26-MC-158 and 26-MC-177, the orders granting those motions in 26-MC-158 and 26-MC-177, and the search warrant return in 26-MC-177.

The United States does object, however, to Glawe's requests regarding (1) communications with the Magistrate Judge's chambers and (2) the redacted names in the already-filed search warrant affidavits.

***Communications with Magistrate Judge's chambers.*** The United States opposes "unsealing" its communications with the Magistrate Judge's chambers regarding the warrants. Those emails are not judicial records in the first place and thus cannot be "unsealed." The Eleventh Circuit has held that for right-of-access purposes, judicial records can sometimes include materials not filed on the docket,

---

LLC; Pro Publica, Inc.; Reuters News & Media Inc.; USA TODAY Co., publisher of the Augusta Chronicle, Athens BannerHerald, Savannah Morning News, and USA Today; and WP Company LLC d/b/a The Washington Post.

2

but only where those materials have been "incorporated or integrated into a district court's adjudicatory proceedings." *Comm'r, Alabama Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1168 (11th Cir. 2019); see *N. Jersey Media Grp. Inc v. United States*, 836 F.3d 421, 435–36 (3d Cir. 2016) (adopting similar framework for material e-mailed to court).

For example, even though it was not on the docket, a State's death-penalty protocol was deemed a judicial record because it "was submitted to the district court to resolve disputed substantive motions in the litigation, was discussed and analyzed by all parties in evidentiary hearings and arguments, and was unambiguously integral to the court's resolution of the substantive motions." *Advance*, 918 F.3d at 1168.

The United States respectfully submits that the Court can review the communications between the Magistrate Judge's chambers and the United States to determine whether they qualify as judicial records under Eleventh Circuit precedent. The United States contends that those communications do not so qualify.

***Redacted names on search warrant affidavits.*** This issue has already been resolved. The Court previously ordered the United States to file public copies of the affidavits "*subject to the redaction of the names of non-governmental witnesses.*" Order at 2, ECF No. 9 (Feb. 7, 2026) (emphasis added). There is no reason to revisit

3

the Court's order directing the United States to redact those names. Protecting sources is an exceptionally important aspect for a host of reasons, including ensuring the integrity of an investigation, the safety of those involved, and the willingness of sources to come forward not just in this case but in future cases, as well. Such concerns are so strong that some courts have even allowed the names of AUSAs and agents to remain redacted in warrant packages in high-profile cases. *See In re Sealed Search Warrant*, 622 F. Supp. 3d 1257, 1260 (S.D. Fla. 2022).

## CONCLUSION

The Court should deny Glawe's request to unseal or otherwise gain access to (1) the communications between the United States and the Magistrate Judge's chambers regarding the search warrants at issue here, and (2) the fully unredacted affidavits submitted in support of the search warrants.

Respectfully submitted,

STANLEY E. WOODWARD, JR.
*Associate Attorney General*

*/s/* THOMAS C. ALBUS
THOMAS C. ALBUS
*Special Attorney to the Attorney General
and United States Attorney for the
Eastern District of Missouri*
Missouri Bar No. 46224
Thomas Eagleton U.S. Courthouse
111 S. 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-2200

> A. TYSEN DUVA
> *Assistant Attorney General – Criminal Division*
>
> R. TRENT MCCOTTER
> *Associate Deputy Attorney General*
>
> MICHAEL WEISBUCH
> *Senior Counsel to the Associate Attorney General*
>
> PETER L. COOCH
> *Trial Attorney/Senior Counsel, Criminal Division*

**Certificate of Compliance**

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing brief has been prepared using Book Antiqua, 13 point font.

> /s/ THOMAS C. ALBUS
> THOMAS C. ALBUS