# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ROBERT L. "ROBB" PITTS, CHAIRMAN, FULTON COUNTY BOARD OF COMMISSIONERS; FULTON COUNTY BOARD OF REGISTRATION AND ELECTIONS; and FULTON COUNTY, GEORGIA,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No.<br>1:26-CV-00809-JPB |

## PETITIONERS' RESPONSE IN OPPOSITION TO RESPONDENT'S MOTION TO VACATE EVIDENTIARY HEARING AND QUASH SUBPOENA

## **INTRODUCTION**

Petitioners[1] Robert Pitts, the Chairman of the Fulton County Commission, the Fulton Board of Registration and Elections (FBRE), and Fulton County submit this response in opposition to Respondent's Motion to Vacate Evidentiary Hearing and Quash Subpoena. Doc. 33 ("Motion"). For the following reasons, and those addressed in Petitioners' Reply in Support of the Amended Rule 41(g) Motion, the Court should deny Respondent's motion and proceed with the limited hearing it has already scheduled.

Respondent's motion is a transparent effort to interfere with required judicial fact-finding demanded by Federal Rule of Criminal Procedure 41(g), *Franks v. Delaware*, 438 U.S. 154, 156 (1978), and a lawful subpoena issued to Special Agent Evans. *See, e.g.*, Fed. R. Crim. P. 41(g) ("The court **must receive** evidence on any factual issue necessary to decide the motion.") (emphasis added). As explained in Petitioners' amended Rule 41(g) motion, the Affidavit, which Special Agent Evans submitted to a magistrate judge in reckless disregard of the truth, is misleading and riddled with material omissions that would have otherwise defeated any suggestion of probable cause. Despite the fact that Respondent's Response in Opposition to the Rule 41(g) motion invokes Judge Salinas's name fifteen times (to suggest that there

---

[1] On February 23, 2026, Petitioners and the Fulton County Clerk of Court (the Clerk) moved to join the Clerk to this action as Co-Petitioner. (Doc. 36)

should be no further review of her *ex parte* issuance of the warrant), Respondent's opposition is a transparent effort to block **any** inquiry into whether Respondent misled the Magistrate Judge or made knowingly false omissions and statements of material fact. Resolving these issues is the proper focus of a limited hearing involving the testimony of Special Agent Evans.

Respondent escalates its effort to insulate the agent from any testimony—or any scrutiny about his material omissions whatsoever—by suggesting that Petitioners' original Demand for Testimony (issued under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) and related regulations) is somehow overbroad and would seek "privileged" information. Although Respondent's accusation that Petitioners' Demand for Testimony is an overbroad fishing expedition is false, it is also moot. On February 23, 2026, Petitioners issued a Revised Demand for Testimony expressly limiting the scope of the testimony and disavowing any interest in obtaining "privileged" information, whatever that could possibly mean in a case where Respondent filed an unsealed affidavit on a public docket. In any event, the notion that Respondent and Special Agent Evans have a "privilege" that insulates them from providing judicial testimony about a false and misleading affidavit is unsupported by authority. Moreover, Petitioners' Demand for Testimony complies with the applicable *Touhy* regulations and provides no basis to quash a properly issued subpoena under Federal Rule of Civil Procedure 45(d)(3)(A)(iii).

2

Respondent further contends that the Court should cancel the hearing because Petitioners' Rule 41(g) motion should be denied. But that puts the cart before the horse. As explained in detail in Petitioners' Reply in Support of the Rule 41(g) motion filed today, Respondent's arguments in opposition to the motion are wrong and should be rejected. Moreover, Respondent **does** contest numerous material facts including the significance of various facts alleged in the Affidavit, whether they support probable cause, and notably, whether Special Agent Evans intentionally misled a magistrate judge.

Lastly, the notion that a limited Rule 41(g) or *Franks* hearing would "interfere" with a criminal investigation is nonsense. Petitioners attempt to stretch *Trump v. United States*, 54 F.4th 689, 701 (11th Cir. 2022) to suggest (a) that agents are immune from any inquiry into whether they submitted false or misleading information to a magistrate judge or (b) that Rule 41 hearings are largely prohibited, is wrong. Neither issue was before the Eleventh Circuit, which certainly did not purport to overrule *Franks*. As explained below, Respondent's motion should be denied. And given that Respondent's Motion to Vacate conflates its request for relief with the merits of Petitioners' Amended Rule 41(g) motion, *see* Mot. at 2, Petitioners respectfully request that the Court deny the motion for the reasons stated in Petitioners' Reply in Support of the Rule 41(g) Motion.

Accordingly, the Court should deny Respondent's motion, proceed with the evidentiary hearing set for February 27, 2026, and take testimony from Special Agent Evans.

## ARGUMENT

### I. An Evidentiary Hearing Is Necessary to Resolve Petitioner's 41(g) Motion.

#### A. The Parties Dispute the Facts Supporting Petitioners' Request for Relief.

Relying on little more than *ipse dixit*, Respondent argues that the "undisputed facts" support a ruling in its favor. That argument overlooks factual issues central to Petitioners' 41(g) claim. As detailed in their amended motion, Petitioners assert that Agent Evans recklessly or intentionally omitted from the Affidavit (1) material facts that discredit witness statements in the Affidavit, (2) material facts and context that provide non-criminal explanations for alleged election "deficiencies" in the Affidavit, (3) material facts regarding prior investigative findings that rejected the Affidavit's theories of criminal activity in the 2020 election, (4) material facts from the reports cited in the Affidavit, which would have prohibited any finding of probable cause, and (5) material facts regarding his inability to prosecute any offense mentioned in the Affidavit because the statute of limitations had lapsed. *See* Am. Mot. at 19–26.

Respondent provides no reason why the Court should overlook these factual issues. To the contrary, because Respondent denies these assertions, the evidence necessary to decide the Rule 41(g) motion requires testimony and a limited hearing.[2] *See United States v. Melquiades*, 394 F. App'x 578, 581 (11th Cir. 2010) (collecting authority for the "requirement that a district court hold an evidentiary hearing to resolve material factual disputes between the parties" with respect to a Rule 41(g) motion); *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001) (holding district court erred by accepting the government's representations "without requiring the government to submit at least some evidence"). Accordingly, the Court can deny Respondent's Motion on the basis of the 41(g) factual dispute alone.

**B. Respondent's Authority Does Not Support Its Motion to Vacate the Evidentiary Hearing.**

Respondent's other 41(g) arguments regarding the hearing are largely recycled from their opposition. *See* Mot. at 3–4. Those arguments fail for the reasons below as well as those set out in Petitioners' Reply. For example, Respondent insists, without authority, that a warrant signed by a magistrate judge forecloses any

---

[2] Contrary to Respondent's contention, Mot. at 2–3, the unpublished opinion in *United States v. Foster*, 635 F. App'x 818, 823 (11th Cir. 2015), does not support the proposition that the Court can resolve Petitioners' Rule 41(g) motion without a hearing. In that case, "[t]he material facts were not in dispute," and the Court of Appeals made clear that if there were a material dispute of fact, Rule 41(g) required the Court to "receive evidence on any factual issue necessary to decide the motion." *Id*. at 821–23.

5

subsequent probable cause review under Rule 41(g). Mot. at 3–4. But courts have expressly held otherwise. *See, e.g.*, *Harbor Healthcare Sys., L.P. v. United States*, 5 F.4th 593 (5th Cir. 2021) ("The district court incorrectly concluded that the government did not show a 'callous disregard' for Harbor's rights simply because it obtained search warrants prior to seizing Harbor's privileged materials").

Respondent cites *Trump v. United States*, 54 F.4th 689, 701 (11th Cir. 2022), for the same proposition, Mot. at 3, but that case has nothing to do with review of a warrant. In fact, the petitioner in *Trump* did not challenge the warrant's probable cause, and did not argue that the government callously disregarded his constitutional rights. 54 F.4th at 698, 701. And Respondent's suggestion there can be no callous disregard because Agent Evans prepared "an exceedingly detailed affidavit and present[ed] it to a federal judge for a probable-cause determination," Mot. at 3, is equally wrong. An affidavit's detail does not immunize it from review, especially where there has been a showing of material factual omissions.

Finally, Respondent is flatly wrong that an evidentiary hearing is not required under Rule 41(g) where a Respondent baldly claims to have an "ongoing need" for it as part of a criminal investigation.[3] Mot. 4–5. Otherwise, the government could win any 41(g) dispute, no matter the circumstances, with just three magic words:

---

[3] As noted in Petitioners' Reply, the prospect of a "future trial" is also inconceivable, given that the statute of limitations has lapsed on both statutes purportedly under investigation.

"ongoing criminal investigation." Moreover, even if Respondent did need the evidence for an investigation or future trial, Rule 41(g) authorizes the Court to "impose reasonable conditions to protect access to the property and its use in later proceedings," and Respondent has not explained how a hearing, on its own, would impair any law enforcement interest.[4]

## II. Petitioners Have Made the Required Showing for a *Franks* Hearing.

Respondent's argument that the Affidavit is immune from judicial scrutiny for *Franks* violations is baseless. For starters, Respondent asserts that such review is "flatly inappropriate" in the context of Rule 41(g). But as explained above, there is no precedent for that assertion, which would leave unindicted parties like Petitioners with no recourse for property seized in violation of the Fourth Amendment and *Franks*. Moreover, Respondent's newly proposed constraint on

---

[4] The sheer fact that an investigation is supposedly "ongoing" does not mean that courts lack the power to set reasonable conditions on access to the evidence to protect the parties' respective interests. *See United States v. Martinson*, 809 F.2d 1364, 1369 & n.5 (9th Cir. 1987) (collecting cases addressing motions for return of property both before and after criminal proceedings, and finding district court improperly placed the burden on the movant based only "on the government's assurances that an investigation was pending"); *see also id*. at 1369 n.4 (addressing fact that evidence was seized from third party but explaining that where the government lacks "an evidentiary need" for the property the movant "no longer bears the burden of demonstrating that he is entitled to lawful possession"); *Mr. Lucky Messenger Serv., Inc. v. United States*, 587 F.2d 15, 17 (7th Cir. 1978) (remanding to district court to conduct evidentiary hearing on government's need to retain property seized and retained prior to bringing charges against the plaintiff).

judicial review, if adopted, would enable law enforcement officers to freely obtain warrants for seizure of property by submitting false statements to magistrates, all without any consequences, so long as no indictment issues.

As noted in Petitioners' Reply in Support of their Rule 41(g) motion, which was also filed today, there is also no merit to Respondent's argument that Petitioners have failed to make an offer of proof sufficient to justify a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). Generally, a party seeking a *Franks* hearing "face[s] a burden of production only: proof by a preponderance of the evidence is not required until the *Franks* hearing itself." *United States v. Maxwell*, 143 F.4th 844, 854–55 (7th Cir. 2025) (citation omitted). As discussed in Section I.A., *supra*, Petitioners' 41(g) motion, including the Affidavit of Ryan Macias, met that burden of production via a substantial preliminary showing that the Affidavit, at a minimum, recklessly omitted facts that were critical to any finding of probable cause. *See* Am. Mot. at 19–26; *United States v. Martin*, 615 F.2d 318, 329 (5th Cir. 1980)("[W]hen the facts omitted from the affidavit are clearly critical to a finding of probable cause the fact of recklessness may be inferred from proof of the omission itself" ); *see also United States v. Williams*, 737 F.2d 594, 602 (7th Cir. 1984).

Petitioners are, therefore, entitled to a *Franks* hearing. To the extent that Respondent suggests that *Franks* hearings are *per se* unavailable in the Rule 41(g)

8

context, they cite no authority for that proposition. Nor could they, given that such a rule would immunize agents from intentionally false or reckless testimony.

### III. Respondent Has Not Shown That an Evidentiary Hearing Would Interfere with an Ongoing Criminal Investigation.

There is no merit to Respondent's argument that requiring Special Agent Evans to testify will interfere with an ongoing criminal investigation. Mot. at 7–8.

Respondent cites *Trump v. United States*, 54 F.4th at 701 to suggest that holding a *Franks* or Rule 41(g) hearing in this case means that the Court will somehow exceed its proper function and impair an investigation. But, as noted above, that is not what *Trump* holds. The petitioner in *Trump* did not challenge the warrant's probable cause determination, did not allege a "callous disregard" of constitutional rights, did not file a motion under Rule 41(g), and did not raise a *Franks* challenge. 54 F.4th at 698. Despite being unable to meet a single *Richey* factor, petitioner Trump insisted that the district court nonetheless exercise equitable jurisdiction over his claims. *Id*. at 701. That is not the case here, where Petitioners can meet all four *Richey* factors, and via *Franks*, have a separate and independent basis for a hearing. As a practical matter, Respondent's core argument makes little sense. Respondent has already disclosed Special Agent Evans's Affidavit in support of the warrant. How could it possibly interfere with an ongoing investigation, about an election that concluded over five years ago, to ask Special Agent Evans about information he has publicly disclosed to the world?

9

Respondent next argues that Petitioners "all but admit they plan to use any hearing to fish for investigative information for their own benefit," citing Petitioners' request for testimony. Mot. at 7. What benefit? Petitioners have no interest in disrupting any legitimate criminal investigation; they only seek a return of their original election records. But in any event, Petitioners' revised request for testimony confirms that they are not seeking any privileged information protected from disclosure and moots this issue.

Respondent's reliance on *In re Sealed Case*, 716 F.3d 603, 607 (D.C. Cir. 2013), to argue Petitioners are improperly seeking testimony "for strategic gain," Mot. at 7, is similarly misplaced. There, the court found the motion was primarily aimed at strategic gain rather than return of the property because (a) almost all of the property had already been returned and (b) the plaintiff did not identify any need for the property. *Id*. at 608. This case presents the opposite scenario on both points.

Respondent's bare assertions are insufficient to establish that an evidentiary hearing is not warranted or would interfere with a criminal investigation. *See Potes Ramirez*, 260 F.3d at 1314; *Martinson*, 809 F.2d at 1369.

## IV. There Is No Basis to Quash the Subpoena.

The Court should deny Respondent's request under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), and related regulations to quash the subpoena for Special Agent Evans's testimony. *See* Mot. at 9–11. Although Petitioners dispute

10

that these regulations justify quashing their initial request for testimony, Petitioners have now served a revised request that disavows any need for testimony covered by the relevant regulations that would be privileged. *See* Exh. A (Revised Touhy Request and Demand for Testimony). There is thus no basis for Respondent to decline to authorize the testimony under the *Touhy* regulations or to quash the subpoena under Rule 45(d)(3)(A)(iii), and the issue is moot.

The regulations in 28 C.F.R. § 16.21 *et seq.*, commonly referred to as *Touhy* regulations, govern the Department of Justice's disclosure of information and testimony in Federal proceedings. Those regulations create a "[g]eneral prohibition" on "disclosure" in proceedings "in which the United States is not a party," *id*. § 16.21, but conversely provide "[g]eneral disclosure authority" in proceedings such as these "in which the United States is a party," *id*. § 16.23(a). Even where these regulations are implicated, the Eleventh Circuit has emphasized that the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible" and with respect to subpoenas, authorize quashing or modifying if the subpoena is "unreasonable and oppressive." *Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991) (citing Fed. R. Civ. P. 26(b)(1), 45(b)). In *Moore* the Eleventh Circuit further provided that courts may review a decision by the government to withhold testimony under the *Touhy* regulations to determine

11

whether, under Administrative Procedure Act ("APA") standards, the decision is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. *Id.*[5]

Here, Respondent's reliance on the regulations is not sufficient to justify withholding the requested tailored testimony and quashing the subpoena. Respondent first argues that 28 C.F.R. § 16.23(a) requires the Department to "consider … the factors set forth in § 16.26(a)," which in turn states that "[i]n deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider: (1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and (2) Whether disclosure is appropriate under the relevant substantive law concerning privilege." Mot. at 9. Respondent argues that Special Agent Evans's "testimony is not appropriate under governing precedent" for the reasons explained elsewhere in its Motion and its opposition to the Rule 41(g) motion. Mot. at 10. As noted above, however, Respondent has not shown that a hearing is inappropriate under Rule 41(g) or *Franks*.

---

[5] Some courts of appeals that have considered the issue more recently have held that a motion to quash a subpoena must be assessed under Rule 45 standards, not APA standards, even where the motion to quash is based on the *Touhy* regulations. *Watts v. S.E.C.*, 482 F.3d 501, 508–09 (D.C. Cir. 2007) (Kavanaugh, J.) (holding that *Touhy* regulations do not provide independent basis to withhold information); *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 777–79 (9th Cir. 1994).

Respondent next argues that Special Agent Evans's testimony "would also squarely implicate numerous government privileges." Mot. at 10. But Petitioners have served a revised and narrowed demand for testimony that specifically limits the request to non-privileged information. Ex. A. Moreover, Respondent has never asserted that everything Special Agent Evans might testify to with respect to the search warrant Affidavit would be privileged.[6] At a minimum, Special Agent Evans can testify to the information disclosed in the Affidavit and address, among other things, the internal inconsistencies within the Affidavit and why he failed to include material and relevant facts.

Respondent's arguments with respect to 28 C.F.R. § 16.26(b)(5), Mot. at 10–11, also fail. That regulatory provision restricts disclosure where it would "reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." Respondent argues that "[b]ecause the topics on which Petitioners wish to question Special Agent Evans involve the subject of an ongoing federal criminal investigation, their request falls squarely within § 16.26(b)(5)." Mot. at 10–11. But 28 C.F.R. § 16.26(b)(5) does not

---

[6] Such an argument would be at odds with Respondent's statement that "it does not oppose the unsealing of the search warrant affidavit and any other papers associated with the warrant subject to the redaction of the names of non-governmental witnesses." ECF No. 9 at 2.

13

foreclose disclosing any information in any case that involves an ongoing federal investigation, otherwise it would have foreclosed Respondent's agreement to unseal the search warrant Affidavit and, more broadly, would render the Rule 41(g) requirement for a hearing meaningless in many cases. Moreover, Section 16.26(b)(5) applies only to disclosure of information that would interfere with enforcement proceedings or disclose and impair investigative techniques and procedures. Beyond Respondent's bare assertion that 28 C.F.R. § 16.26(b)(5) applies here, it has made no argument for why Special Agent Evans's testimony on specific topics now raised by the disclosure of his Affidavit would interfere with enforcement proceedings or impair investigative techniques.

    Respondent also misreads the process identified by the regulations. They do not contemplate withholding testimony in its entirety where the anticipated testimony is not privileged in its entirety. Rather, the regulations at 28 C.F.R. § 16.24(c) provide that "[i]t is Department policy that the responsible official shall, following any necessary consultation with the originating component, authorize testimony … without further authorization from Department officials whenever possible," and "shall, through negotiation and, if necessary, appropriate motions, seek to limit the demand to information, the disclosure of which would not be inconsistent with the considerations specific in § 16.26." After Respondent moved to quash, Petitioners attempted to engage in such negotiation—the government

14

refused to negotiate on permissible topics for questioning—and Petitioners subsequently narrowed their request for testimony. Ex. A. In doing so, Petitioners mooted any argument that testimony cannot be authorized because it may implicate privileged information under 28 C.F.R. § 16.26(a)(2) or (b)(5). *See, e.g.*, *United States v. Cordero*, No. 4:05-CR-57-02, 2007 WL 9672622, at *10–11 (N.D. Ga. Dec. 20, 2007) (modifying subpoena to avoid information covered by § 16.26 but otherwise denying motion to quash); *In re Austin*, No. 85-40639, 1990 WL 10007376, at *2 (Bankr. S.D. Ga. Mar. 23, 1990) (denying motion to quash subpoena that did not seek information covered by § 16.26).

Under 28 C.F.R. § 16.26(c), where the requested testimony does "not involv[e] considerations specified in paragraphs (b)(1) through (b)(6) of this section" and disclosure is not "unwarranted" based on the provisions of "paragraph (a) of this section," the regulations provide that the Department "**will authorize** the disclosure." (emphasis added). Accordingly, failing to make Special Agent Evans available to testify following Petitioners' narrowing of the demand for testimony specifically to avoid any privileged information covered by 28 C.F.R. § 16.26(a) or (b) is contrary to law and an abuse of discretion, and further, is arbitrary and capricious because it is inconsistent with Department practice. *Moore*, 927 F.2d at 1197; *see also* Justice Manual § 1-6.220 (noting Department can decline to authorize the disclosure or move to quash where the party requesting testimony "is unwilling

15

to limit the appropriate scope of the testimony through negotiation"), § 1-6.400 (similar), § 1-6.240 ("As a general policy, the Department favors cooperation in state and federal cases in which the testimony of one of its employees is sought," and "[a]thorization in one form or another is usually granted if appropriate under the rules of procedure governing the case" so long as it is not barred by privilege or the factors in 28 C.F.R. § 16.26). Finally, there is no basis to argue that the subpoena requires disclosure of privileged information, as is required to quash a subpoena under Rule 45(d)(3)(A)(iii). *Watts*, 482 F.3d at 508-09. In short, Respondent has advanced no legitimate basis for this Court to quash a validly issued subpoena to obtain limited and material testimony relevant to an issue in dispute.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Respondent's motion to vacate the evidentiary hearing scheduled for February 27, 2026, and deny the request to quash the subpoena for testimony from Special Agent Evans at that hearing.

Respectfully submitted, this 24th day of February, 2026.

*/s/ Y. Soo Jo*
Y. Soo Jo
Georgia Bar No. 385817
OFFICE OF THE FULTON
COUNTY ATTORNEY
141 Pryor St. SW, Suite 4038
Atlanta, Georgia 30309
Tel.: (404) 612-0246
soo.jo@fultoncountyga.gov

*/s/ Kamal Ghali*
Kamal Ghali
Georgia Bar No. 805055
Michael C. Duffey
Georgia Bar No. 710738
CHAIKEN GHALI LLP
One Atlantic Center
1201 W. Peachtree St. NW, Suite 2300
Atlanta, Georgia 30309
Tel.: (404) 795-5005
kghali@chaikenghali.com
mduffey@chaikenghali.com

*/s/ Abbe David Lowell*
Abbe David Lowell*
John Bolen*
LOWELL & ASSOCIATES, PLLC
1250 H Street NW
Washington, D.C. 20005
Tel.: (202)-964-6110
jbolen@lowellandassociates.com
alowellpublicoutreach@
lowellandassociates.com

*/s/ Stephen Jonas*
Stephen Jonas*
Norman Eisen*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE
Suite 1580, Washington, D.C. 20003
Tel.: (202) 594-9958
steve@democracydefenders.org
norman@democracydefenders.org

*Counsel for Petitioners Robert L. Pitts, Chairman, Fulton County Board of Commissioners, Fulton County Board of Registration and Elections, and Fulton County, Georgia*

*\*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record.

This 24th day of February, 2026.

*/s/ Michael C. Duffey*
Michael C. Duffey
