UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT L. "ROBB" PITTS, et al., <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CIVIL ACTION NO. <br> 1:26-CV-00809-JPB |

## ORDER

On January 28, 2026, the Federal Bureau of Investigation seized over 600 boxes of Fulton County's 2020 election records pursuant to a search warrant. Fulton County, the Fulton County Board of Registration and Elections, Robert L. "Robb" Pitts (Chairman of the Board) and Che Alexander (Fulton County Clerk of Court) have moved under Federal Rule of Criminal Procedure 41(g) for return of the seized documents and any copies made of them. Rule 41(g) provides that:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

When a Rule 41(g) petition is filed absent an ongoing criminal case, the petition is treated as a civil action in equity. See United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005). Courts consider four factors in determining whether to exercise this equitable jurisdiction and order the return of property. The factors are (1) whether the government displayed a "callous disregard" for the plaintiff's constitutional rights; (2) "whether the plaintiff has an individual interest in and need for the material whose return he seeks"; (3) "whether the plaintiff would be irreparably injured by denial of the return of the property"; and (4) "whether the plaintiff has an adequate remedy at law for the redress of his grievance." Trump v. United States, 54 F.4th 689, 697 (11th Cir. 2022) (quoting Richey v. Smith, 515 F.2d 1239, 1243–44 (5th Cir. 1975)). The parties' briefs strongly dispute whether these factors are satisfied in this case.

Where a movant shows that all the factors weigh in his favor, Rule 41(g) contemplates both the return of property *and* the imposition of "reasonable conditions to protect access to the property and its use in later proceedings" by the federal government. This is because Rule 41(g) "is not intended to deny the United States the use of evidence permitted by the [Fourth Amendment] and federal statutes, even if the evidence might have been unlawfully seized." Fed. R. Crim. P. 41(g) advisory committee's note to 1989 amendment. Rule 41(g)

therefore "avoids an all or nothing approach whereby the government must either return records and make no copies or keep originals notwithstanding the hardship to their owner."  Id.  As explained by the advisory committee, courts can order documents and records that "are relevant to ongoing or contemplated investigations and prosecutions" returned to their owner as long as the government preserves a copy for future use.  Id.  In short, the "spirit" of Rule 41(g) "is one of compromise."  Ramsden v. United States, 2 F.3d 322, 327 (9th Cir. 1993) (explaining that the most appropriate outcome is to allow the movant to retain the original documents, but to ensure that the federal government is afforded copies of the documents).

Given that returning the property with conditions—rather than fully restricting access to the evidence—is the standard practice contemplated by the advisory committee when a motion is granted, the Court would like the parties to mediate this dispute.[1]  The Court therefore **ORDERS** the parties to mediation.  See LR 16.7(B)(1), NDGa.  In doing so, the Court does not make any ruling as to the

---

[1] As the parties' most recent filings show, they have had some dialogue regarding a resolution in this matter.  [Doc. 44, p. 2]; [Doc. 46-1].  The filings also demonstrate that those discussions have stalled.  In the Court's view, the parties' relative positions point largely to "an all or nothing approach," counter to the "spirit" of Rule 41(g).  Ramsden, 2 F.3d at 327.

equitable factors under Rule 41(g), and the Court recognizes Rule 41(g)'s directive that the Court "must receive evidence on any factual issue necessary to decide the motion." Nevertheless, in light of all the circumstances in this case, the Court believes it is best for the parties to work toward a mutually agreeable resolution before receiving additional evidence.

The evidentiary hearing scheduled for February 27, 2026, is hereby **CONTINUED** until further order of the Court. The parties are **ORDERED** to confer regarding selection of a mediator. If the parties are unable to agree on a mediator by March 4, 2026, the Court will appoint the mediator. Once the mediator is selected, the parties have until March 18, 2026, to conduct mediation and report to the Court whether mediation was successful.

**SO ORDERED** this 25th day of February, 2026.

J. P. BOULEE
United States District Judge