IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT L. "ROBB" PITTS, et al., <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CIVIL ACTION NO. <br> 1:26-CV-00809-JPB |

**JOURNALIST JUSTIN GLAWE'S REPLY IN SUPPORT OF MOTION TO INTERVENE AND TO UNSEAL COURT RECORDS**

Journalist Justin Glawe's Motion to Intervene and to Unseal Court Records (the "Motion") remains live as to two categories of documents and information: (1) communications between the government and the magistrate judge regarding the application and issuance of the search warrant; and (2) the names of the witnesses whose allegations of "deficiencies and defects" with the 2020 election are detailed in the affidavits used to obtain the search warrant (together, the "requested records"). *See* dkt. 31 at 3-5, 9; dkt. 38 at 2-4. These documents and information are court records subject to the common-law and First Amendment presumption of public access. The government has not overcome that presumption. The Court should grant Mr. Glawe's Motion and unseal the requested records.

I.    **ARGUMENT AND CITATION TO AUTHORITY**

    A.    **Communications between the government and the Court are judicial records subject to the presumption of access.**

First, the government argues that communications between the government and the magistrate judge in the underlying warrant proceedings are not "judicial records" because they have not been "'incorporated or integrated into a district court's adjudicatory proceedings.'" Dkt. 38 at 2–3 (quoting *Comm'r, Alabama Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1168 (11th Cir. 2019)).

The cases on which the government relies do not support its argument. *Advance Local Media* recognizes that unfiled documents can be judicial records, if they are submitted in connection with or relied on by the court in ruling on a request for adjudication. 918 F.3d at 1168 (unfiled execution protocol discussed at length by the parties and relied on by the court was a judicial record). To the extent the communications requested here reflect substantive information submitted by the government in connection with its request for the issuance of a search warrant, the communications are judicial records under *Advance Local Media*.

The government also relies on *North Jersey Media Group Inc v. United States*, 836 F.3d 421 (3d Cir. 2016). There, the Third Circuit held that a "pretrial discovery" letter that prosecutors emailed to the defense and to the court was not a "judicial record" because it "play[ed] no part in the judicial function or process."

2

*Id.* at 436. The court was essentially copied on an exchange of discovery material between the parties. *Id.* The Third Circuit's ruling is consistent with the general rule in the Eleventh Circuit that only discovery material "filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right" of access. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). *North Jersey* is irrelevant because the communications at issue here are between the government and the court; this was not an exchange of discovery between parties.

The communications Mr. Glawe seeks to unseal here fall within that "narrow class of documents not formally filed with the court." *Pilcher*, 2026 WL 252499 at *3. To the extent those communications contained information that contributed to the magistrate judge's decision on the merits of the warrant application, they are judicial records. *Advance Loc. Media, LLC*, 918 F.3d at 1168.

And to the extent those communications reflect judicial decision-making, there can be no question that such documents are "judicial records," too. As the Eleventh Circuit has explained, "[j]udges deliberate in private but issue public decisions after public arguments based on public records. . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (citation modified).

Judicial records include not just formal orders from the court, but also other memorialization of judicial decision-making, like transcripts of sidebars or in-chambers conferences. *See, e.g., In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (the public "enjoy[s] the right of access to pleadings, docket entries, ***orders***, affidavits or depositions duly filed" (citation modified) (emphasis added)); *United States v. Smith*, 787 F.2d 111, 114–15 (3d Cir. 1986) (presumption of access applies to transcripts of sidebar or chambers conferences); *In re Knight Pub. Co.*, 743 F.2d 231 (4th Cir. 1984) (similar; transcripts of in-chambers conferences); *Williams v. Dep't of Just.*, No. 1:24-CV-276-TFM-B, 2025 WL 2684063, at *2 (S.D. Ala. July 31, 2025) (presumption of public access to court records applies to matters that are "part of the report and recommendation process and the disposition of the case"). Communications from the court reflecting its deliberations or decisions are judicial records to which the right of access attaches.

In terms of next steps, the government concedes that the proper procedure here is for the Court to conduct an in-camera review of the relevant communications. Dkt. 38 at 3. Mr. Glawe agrees. He also notes that his request would include communications between the government and the court in any form—email, text message, etc.—concerning the underlying warrants. If the Court reviews those communications and finds that they qualify as judicial records, Mr.

Glawe respectfully requests that the Court grant his Motion and provide public access to those records.[1]

> **B.    The government has not shown an overriding interest in redacting the witnesses' names from the affidavits.**

Second, the government contends that Mr. Glawe's request to unseal the names of the witnesses identified in the affidavits has been resolved because of the Court's order that the government file public copies of the affidavits subject to the redaction of the names of non-governmental witnesses. Dkt. 38 at 3. But the Court's prior order does not prevent Mr. Glawe from seeking to unseal that information, particularly given that the other information in the affidavit demonstrates that the government cannot meet its burden to sustain those redactions.

The witnesses named in these affidavits are not confidential informants whose identities need shielding. Rather, they are individuals who have long since inserted themselves into the public discourse with their criticisms of the 2020

---

[1]    The documents' status as "judicial records" is the only area of dispute here. In its response, the government made no argument that there is good cause to overcome the presumption of access, should it attach to the requested communications. *See generally* dkt. 38 at 2–3. As a result, if the records are "judicial records," they should be publicly released. *See, e.g.*, *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005) (party seeking to overcome presumption of access must show "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest").

election.[2] There is no valid argument for maintaining these witnesses' names under seal because their identities are readily discernable from the information the government has released. *See* dkt. 31 at 4-5.

In support of maintaining the redactions, the government broadly contends that it is "exceptionally important" to "protect[] sources" in order to ensure "the integrity of an investigation, the safety of those involved, and the willingness of sources to come forward[.]" Dkt. 38 at 4. As a threshold matter, these "stereotyped and conclusory statements" are insufficient to establish good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). But even crediting the asserted interests, those interests are not served by maintaining the redacted names under seal where the government has effectively revealed the identities of the witnesses. *See* dkt. 31 at 4-5. If revealing those identities were likely to compromise the integrity of an investigation, the safety of the witnesses, or the willingness of sources to come forward, then the harm would already be done. *Cf. Callahan*, 17 F.4th at 1361 ("[O]nce information is revealed, it cannot be made secret again.").

The government cannot establish that it has "an overriding interest" in maintaining the confidentiality of these witnesses' names, nor that doing so is

---

[2]   *See, e.g.*, Charles Minshew, et al., *Read the annotated FBI affidavit used to seize Fulton ballots*, AJC Politics, https://www.ajc.com/sp/annotated-the-fbisaffidavit-in-support-of-fulton-county-search/.

"essential to preserve higher values." *Romero*, 480 F.3d at 1246; *Ochoa-Vasquez*, 428 F.3d at 1030. Accordingly, the government has not overcome the presumption of access. *See Chicago Tribune*, 263 F.3d at 1310-11. The Court should order the government to file the search warrant affidavits with the witnesses' names unredacted.

## II.   CONCLUSION

For all these reasons, and as more fully explained in Mr. Glawe's original motion and his response to this Court's show cause order, Dkts. 6 and 31, Mr. Glawe respectfully requests that he be permitted to intervene in this matter and that the remaining search warrant materials be promptly unsealed.

[signatures on following page]

Respectfully submitted this 3rd day of March, 2026.

/s/ *Meredith C. Kincaid*
CROSS KINCAID BASKAM LLC
Meredith C. Kincaid
Georgia Bar No. 148549
315 W. Ponce de Leon Ave., Ste 715
Decatur, Georgia 30030
(404) 948-3022
meredith@crosskincaid.com

/s/ *Sarah Brewerton-Palmer*
Sarah Brewerton-Palmer
Georgia Bar No. 589898
Erin Morrissey Victoria
Georgia Bar No. 285342
Alan M. Long
Georgia Bar No. 367326
CAPLAN COBB LLC
75 14th Street NE, Suite 2700
Atlanta, Georgia 30309
(404) 596-5600
spalmer@caplancobb.com
evictoria@caplancobb.com
along@caplancobb.com

*Counsel for Justin Glawe*

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this pleading complies with the Local Rules of this Court, including Local Rules 5.1.C and 7.1.D (N.D. Ga.) in that it is double-spaced and composed in 14-point Times New Roman font.

This 3rd day of March, 2026.

/s/ *Sarah Brewerton-Palmer*
Sarah Brewerton-Palmer
Georgia Bar No. 589898

*Counsel for Justin Glawe*