UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT L. "ROBB" PITTS, et al.,

Petitioners,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL ACTION NO.
1:26-CV-00809-JPB

## **ORDER**

This matter is before the Court on the United States of America's ("Respondent") Motion to Vacate Evidentiary Hearing [Doc. 33]. This Court finds as follows:

## **BACKGROUND**

On January 28, 2026, the Federal Bureau of Investigation seized over 600 boxes of Fulton County's 2020 election records pursuant to a search warrant. On February 5, 2026, Robert L. "Robb" Pitts, who is the Chairman of the Fulton County Board of Commissioners, and the Fulton County Board of Registration and Elections filed a motion seeking the return of the records pursuant to Federal Rule of Criminal Procedure 41(g). [Doc. 1]. Later, Fulton County, Georgia and Che Alexander, the Clerk of Court for Fulton County, joined in the request for the

return of the election records.  [Doc. 12]; [Doc. 36].  For purposes of this Order, the Court collectively refers to Pitts, the Fulton County Board of Registration and Elections, Fulton County and the Clerk as "Petitioners."

The Court initially scheduled this matter for an evidentiary hearing set for February 27, 2026.  [Doc. 26].  On February 20, 2026, Respondent filed the instant Motion to Vacate Evidentiary Hearing.[1]  [Doc. 33].  Without ruling on the motion, on February 25, 2026, the Court continued the evidentiary hearing and directed the parties to attend mediation.  [Doc. 49].  Because mediation was unsuccessful, the Court now considers whether the evidentiary hearing should be vacated.

## DISCUSSION

In this action, Petitioners assert that they are entitled to the return of the election records pursuant to Federal Rule of Criminal Procedure 41(g).  Rule 41(g) permits "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property" to "move for the property's return."  Because Rule 41(g) provides that "[t]he court must receive evidence on any factual issue necessary to decide the motion," Fed. R. Crim. P. 41(g), the Eleventh Circuit Court of Appeals has held that where "the parties disagree as to a material fact, the

---

[1] In its motion, Respondent also requests that the Court quash a subpoena that Petitioners issued to Special Agent Hugh Raymond Evans for testimony at the evidentiary hearing. [Doc. 33, pp. 10–12].  The Court will address this request in a later order.

2

district court must receive evidence before ruling on" a Rule 41(g) motion. United States v. Melquiades, 394 F. App'x 578, 582 (11th Cir. 2010). Indeed, "once a Rule 41(g) movant alleges facts sufficient to sustain his claims, which are neither barred by law nor frivolous, the district court must collect some evidence to resolve material factual issues." Id. at 583 (footnote omitted).

Respondent asserts that this Court should vacate any evidentiary hearing scheduled to resolve this matter. In other words, Respondent contends that an evidentiary hearing in this case is not necessary at all. Respondent asserts that the Court should not hold an evidentiary hearing because (A) the undisputed facts confirm that Petitioners' Rule 41(g) motion fails and (B) an evidentiary hearing would interfere in an ongoing federal criminal investigation. The Court addresses these arguments in turn.

**A.     Respondent's argument that the undisputed facts confirm that Petitioners' Rule 41(g) motion fails.**

Respondent contends that the undisputed facts show that Petitioners' Rule 41(g) motion fails. To support this argument, Respondent claims that Petitioners have no possessory interest in the records and that Petitioners cannot use Rule 41(g) to challenge the search warrant.[2]

---

[2] In its reply brief, Respondent also argues that Petitioners lack cognizable Fourth Amendment rights. Because this argument was raised for the first time in the reply, the

3

As to Respondent's first argument—that Petitioners lack a possessory interest in the seized property—the Court notes that Respondent's arguments have evolved throughout the briefing process.  For instance, when the motion was first filed, Respondent argued that none of the then-petitioners had a possessory interest in the ballots because they were "held by the Clerk of the Fulton County Superior Court—who is conspicuously absent from this case." [Doc. 33, p. 4].  Even though the Clerk has since been added as a petitioner, Respondent now contends that she also lacks a possessory interest because she is not "'[a] person aggrieved' by the seizure of the records." [Doc. 44, pp. 3–4] (quoting Fed. R. Crim. P. 41(g)).

It is well settled that, under Rule 41(g), the claimant "must show that he [or she] had a possessory interest in the property seized." United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005).  In other words, "the claimant need not own the property, but rather may have some lesser property interest, such as a possessory interest." United States v. Cooper, 485 F. App'x 411, 414 (11th Cir. 2012).  In this case, it is undisputed that the Clerk had lawful possession of the records when they were seized.  As such, the Court is satisfied that at least one of

Court will not consider it.  See Rindfleisch v. Gentiva Health Servs., Inc., 22 F. Supp. 3d 1295, 1301 (N.D. Ga. 2014) ("As a general rule, federal courts do not consider arguments that are presented for the first time in a reply brief.").

the petitioners has the requisite possessory interest to bring the Rule 41(g) motion.[3]

Thus, to the extent that Respondent argues that the Court should vacate the

evidentiary hearing because Petitioners lack a possessory interest over the subject

property, the motion is **DENIED**.

Respondent also asserts that an evidentiary hearing is not necessary because

Petitioners cannot use Rule 41(g) to argue that the search warrant affidavit failed to

establish probable cause.  Essentially, Respondent contends that the Court cannot

review the probable cause determination made by the Magistrate Judge.

Respondent also seems to claim that there can be no callous disregard of

constitutional rights where there is a warrant.[4]  The Court disagrees that the hearing

should be vacated because the Magistrate Judge signed the warrant.  In the Court's

---

[3] The Court recognizes that Respondent argues that the Clerk was not sufficiently "aggrieved" by the seizure because she, at one point, sought to destroy the records.  This argument is without merit because Rule 41(g) is merely "concerned with those whose property or privacy interests are impaired by the seizure" of their property for law enforcement purposes.  United States v. Comprehensive Drug Testing, Inc., 621 F.3d 1162, 1173 (9th Cir. 2010) (en banc) (per curiam).  All that the case law requires for a person to be "aggrieved" is that a person have "a possessory interest in the property seized by the government."  Howell, 425 F.3d at 974.

[4] Respondent asserts it its reply brief that it "has never argued that issuance of the warrant strictly 'forecloses any' review."  [Doc. 44, p. 7 n.2].  However, Respondent argued in its initial brief that "Petitioners cannot use Rule 41(g) to argue this affidavit did not actually establish probable cause" because the Magistrate Judge "decided that issue when approving the warrant."  [Doc. 33, p. 4].

view, the existence of a warrant is not dispositive of the callous disregard inquiry under Rule 41(g).  Indeed, courts have expressly rejected the notion that a warrant automatically insulates the government from relief.  See Harbor Healthcare Sys., L.P. v. United States, 5 F.4th 593, 599 (5th Cir. 2021) ("The district court incorrectly concluded that the government did not show a 'callous disregard' for [the plaintiff's] rights simply because it obtained search warrants prior to seizing [the plaintiff's] privileged materials.").  Thus, to the extent that Respondent argues that the hearing should be vacated because there was a warrant, the motion is **DENIED**.[5]

Ultimately, regardless of Respondent's arguments to the contrary, the Court finds that the parties dispute issues of fact in this case and that the resolution of those disputed issues will be necessary to decide the Rule 41(g) motion.  For instance, the parties dispute the credibility of witnesses cited in the search warrant affidavit, whether material facts were omitted from the affidavit and the parties' respective need for the seized property.  See, e.g., [Doc. 40, p. 5] (listing several

---

[5] Somewhat related to Respondent's argument that Petitioners cannot challenge the search warrant, Respondent asserts that the Court should not hold an evidentiary hearing because Petitioners are not entitled to a "Franks-style hearing." [Doc. 33, pp. 6–8]; see also Franks v. Delaware, 438 U.S. 154 (1978).  Franks, however, established a procedure for criminal defendants to obtain a certain hearing in criminal cases.  Because this is a civil case and the relevant inquiry is whether a hearing is appropriate or required under Rule 41(g), this argument will not be further addressed.

alleged omissions from the warrant affidavit).  These factual issues are necessary to decide the 41(g) motion, so the Court must receive evidence on them.

**B.      Respondent's argument concerning an ongoing need for the seized materials.**

Respondent also contends that the Court should not hold an evidentiary hearing in this matter because it will interfere in an ongoing criminal investigation. According to Respondent, a hearing would "likely require the Court to rule on difficult and hotly contested privilege disputes." [Doc. 33, p. 9].  While the Court is sensitive to the burden that such a hearing might place on the federal government, Respondent cites no authority for the proposition that this burden alone means that the Court cannot receive evidence as required by Rule 41(g).  In fact, relevant case law demonstrates that Rule 41(g) allows motions to be made while investigations are ongoing and does not preclude courts from holding evidentiary hearings to evaluate whether they have equitable jurisdiction over those matters.  See Richey v. Smith, 515 F.2d 1239, 1243–44 (5th Cir. 1975) (outlining the standards for pre-indictment Rule 41(g) motions);[6] see also, e.g., Bennett v. United States, No. 12-61499-CIV, 2013 WL 3821625 (S.D. Fla. July

---

[6] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals decided prior to close of business on September 30, 1981.  661 F.2d 1206, 1207 (11th Cir. 1981).

14, 2021) (holding evidentiary hearing on Rule 41(g) motion while investigation remained ongoing).  While privilege may protect some of the government's investigative information from disclosure, it does not prohibit holding a hearing to aid ruling on a Rule 41(g) Motion.[7]  Therefore, to the extent that Respondent argues that the Court should vacate the hearing because a hearing would interfere with an ongoing investigation, the motion is **DENIED**.

**CONCLUSION**

For the foregoing reasons, Respondent's Motion to Vacate Evidentiary Hearing [Doc. 33] is **DENIED**.

**SO ORDERED** this 20th day of March, 2026.

**J. P. BOULEE**
United States District Judge

---

[7] To the extent Respondent contends that a hearing is not required because it has an "ongoing need" to retain the documents, [Doc. 33, p. 6], the Court finds that such stated need goes toward the merits of Respondent's 41(g) defense, rather than the propriety of an evidentiary hearing.  While the Court understands that its ruling on Petitioners' 41(g) motion could affect Respondent's "ongoing need" for the records, Respondent has not explained why a *hearing* on said motion poses a similar risk.