UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT L. "ROBB" PITTS, et al.,

    Petitioners,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.
1:26-CV-00809-JPB

## **ORDER**

This matter is before the Court on the United States of America's

("Respondent") Motion to Quash Subpoena [Doc. 33].  This Court finds as

follows:

## **BACKGROUND**

On January 28, 2026, the Federal Bureau of Investigation ("FBI") seized

over 600 boxes of Fulton County's 2020 election records pursuant to a search

warrant signed by a United States magistrate judge.  [Doc. 1].  Petitioners[1] want

the records back and have filed a Motion for Return of Property and Amended

Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure

---

[1] Petitioners include Robert L. "Robb" Pitts, who is the Chairman of the Fulton County
Board of Commissioners; the Fulton County Board of Registration and Elections; Fulton
County, Georgia; and Che Alexander, the Clerk of Court for Fulton County.

41(g).  [Doc. 1]; [Doc. 30].  The Amended Motion is currently scheduled for an evidentiary hearing on March 27, 2026.

Petitioners subpoenaed FBI Special Agent Hugh Raymond Evans ("SA Evans")—the agent who submitted the affidavit in support of the search warrant application that led to the seizure of the election records—to testify at the evidentiary hearing.  Relatedly, Petitioners also sent the United States Department of Justice ("DOJ") two Touhy letters[2] requesting SA Evans's testimony for the hearing.  [Doc. 33-1]; [Doc. 40-1].  The most recent Touhy request stated as follows:

> Special Agent Evans's testimony is necessary to resolve disputed issues of material fact with respect to the validity of the search warrant at issue.  As Petitioners have demonstrated in their own submissions, Special Agent Evans omitted numerous pertinent facts in the Affidavit, and the Affidavit is misleading on a number of material points.  Special Agent Evans's testimony is therefore necessary for the Court to determine the scope of material omissions and erroneous statements, Special Agent Evans's state of mind with respect to those erroneous statements and omissions, and whether the Affidavit establishes probable cause in light of those erroneous statements and omissions.

[Doc. 40-1, p. 2].  The letter went on to state that Petitioners will "not seek and will not request any testimony that would be protected by the relevant substantive law

---

[2] As explained in greater detail below, a "Touhy letter" refers to a request for information from an agency.  The phrase stems from the case United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

concerning privilege under 28 C.F.R. § 16.26(a)(2), or any privileged information that falls under 28 C.F.R. § 16.26(b)(5)." Id.

The DOJ denied the revised Touhy request in a letter dated February 24, 2026. [Doc. 56-5, p. 2]. In the letter, the DOJ set forth three primary reasons for its denial. First, it asserted that the request for testimony was "not appropriate under the rules governing the case" because Petitioners' Rule 41(g) motion fails on the merits and because Petitioners have not met the standard for "questioning an agent about an affidavit in a Franks-style hearing."[3] Id. Second, the DOJ stated that the request for testimony was improper "because it would violate the relevant substantive law regarding privilege." Id. at 3. The DOJ explained that Petitioners' revised Touhy request failed to demonstrate how "an agent could be questioned regarding 'pertinent facts' about the subject matter of the affidavit[] without revealing information about the ongoing criminal investigation that is the subject of the affidavit." Id. Third, the DOJ asserted that the revised Touhy request fell

---

[3] In Franks v. Delaware, the Supreme Court of the United States held that a criminal defendant is entitled to a hearing to challenge the veracity of a search warrant used to seize evidence against him where certain prerequisites are met. 438 U.S. 154, 171 (1978). Specifically, the Court found that trial courts must hold a hearing as to a warrant affidavit's veracity "where the defendant makes a substantial preliminary showing that" the affidavit includes "a false statement knowingly and intentionally, or with reckless disregard for the truth," and that "the allegedly false statement is necessary to the finding of probable cause." Id. at 155–56. If the defendant establishes the statement's falsity or reckless disregard for the truth by a preponderance of the evidence, the court must then set aside the false material and determine if the remaining truthful statements establish probable cause. Id. at 156. If they do not, the warrant is voided. Id.

"squarely within § 16.26(b)(5), which prohibits authorizing testimony that 'would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired.'" Id. (quoting 28 C.F.R. § 16.26(b)(5)).  Though the DOJ acknowledged Petitioners' disclaimer of such material, it noted that questioning on the matters Petitioners identified "would inherently involve and reveal information about an ongoing criminal investigation." Id.  In addition to the denial of the Touhy request, Respondent also filed the instant Motion to Quash.  [Doc. 33].  The Motion to Quash is ripe for review.

## LEGAL STANDARD

Several different legal standards can govern motions to quash.  In a typical civil case, motions to quash are governed by Federal Rule of Civil Procedure 45. However, if the person being asked to testify is a current government employee, a reviewing court should also consider federal laws and agency rules.  Indeed, 5 U.S.C. § 301 allows leaders of federal agencies to create rules—called Touhy regulations—that control how employees can share information that they learned in the performance of their official duties.  United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).  Agency determinations under Touhy regulations are subject to review under the Administrative Procedure Act's ("APA") "arbitrary and

capricious" standard.  5 U.S.C. § 706(2)(A); <u>Moore v. Armour Pharm. Co.</u>, 927 F.2d 1194, 1197 (11th Cir. 1991).  Under this standard, a court may only overturn an agency's decision if it was unreasonable or not based on proper considerations.

## ANALYSIS

Respondent contends that the subpoena issued to SA Evans should be quashed because the denial of the <u>Touhy</u> request was not arbitrary and capricious.  Petitioners, on the other hand, assert that arbitrary and capricious review does not apply.  Petitioners further argue that the DOJ misapplied the relevant <u>Touhy</u> regulations and that the decision to reject the <u>Touhy</u> request was arbitrary and capricious.  The Court will first explain why <u>Touhy</u> applies before turning to Petitioners' other arguments.

### A.    Petitioners' Argument that <u>Touhy</u> Does Not Apply

Petitioners assert that the Court should examine the DOJ's refusal to supply SA Evans for testimony under Federal Rule of Civil Procedure 45 (the rule ordinarily governing subpoenas), rather than the APA.[4]  Petitioners further argue that <u>Touhy</u> does not apply at all to cases in which the United States is a party.

---

[4] Although Petitioners now take the position that Rule 45 is the proper standard of review, Petitioners' communications with Respondent indicate that it was Petitioners, not Respondent, who first raised the issue of submitting a <u>Touhy</u> request for SA Evans's testimony.  <u>See</u> [Doc. 56-2, p. 2] ("Given that he is a key witness, please also let us know whether you believe that a formal Touhy request is required.").  Moreover, Petitioners never asserted that Rule 45 applied until they filed their Supplemental Brief in Opposition to Respondent's Motion to Quash.  [Doc. 56].

The Court finds that Petitioners' arguments are foreclosed by binding Eleventh Circuit precedent.  Specifically, in United States v. Bizzard, a case where the United States was a party, the Eleventh Circuit Court of Appeals upheld the quashing of a subpoena that sought the testimony of a former DOJ employee because the requesting party failed to comply with the DOJ's Touhy regulations. 674 F.2d 1382, 1387 (11th Cir.), cert. denied, 459 U.S. 973 (1982).  In addition to this binding precedent, district courts in this Circuit have applied Touhy rather than Rule 45 where the United States is a party.[5]  See, e.g., United States v. Vander Luitgaren, No. 07-CR-211, 2008 WL 2610465, at *2–3 (M.D. Fla. June 30, 2008) (quashing a subpoena seeking a federal prosecutor's testimony based, in part, on the determination that the DOJ denied the relevant Touhy request); United States v. Cordero, No. 05-CR-57, 2007 WL 9672622, at *11 (N.D. Ga. Dec. 20, 2007)

---

[5] Petitioners further assert that Touhy does not create a substantive basis for the agency to withhold evidence, but "merely permit[s] federal agencies to continue managing their own procedural processes for document production." [Doc. 56, p. 13].  The Court is unpersuaded by this argument, as the Eleventh Circuit has expressly upheld a district court's decision to quash a subpoena—and, by extension, to allow an agency to refuse to supply an agent for testimony—based on non-compliance with the DOJ's Touhy regulations.  Bizzard, 674 F.2d at 1387; see also Moore, 927 F.2d at 1197 (determining that a district court could only overturn an agency's decision to disallow testimony if the agency's decision was arbitrary and capricious and observing that Touhy stands for the "contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations" (quoting Boron Oil Co. v. Downie, 873 F.2d 67, 73 (4th Cir.1989))).  Notably, Bizzard and Moore were decided well after the 1958 amendment to 5 U.S.C. § 301, which states that the provision "does not authorize withholding information from the public or limiting the availability of records to the public."

(applying <u>Touhy</u> to limit a subpoena requesting documents where the United States

was a party).  Ultimately, despite Petitioners' arguments to the contrary, this Court

finds that <u>Touhy</u> supplies the applicable framework when testimony from a

government agent is sought—even when the United States is a party.[6]

**B.      Petitioners' Argument that the DOJ Did Not Follow Applicable
<u>Touhy</u> Regulations**

As stated above, Petitioners contend that the Court should not quash the

subpoena because the DOJ failed to follow the applicable <u>Touhy</u> regulations when

it denied Petitioners' <u>Touhy</u> requests.  <u>See</u> <u>Conservancy of Sw. Fla. v. U.S. Fish &</u>

<u>Wildlife Serv.</u>, 677 F.3d 1073, 1078 n.10 (11th Cir. 2012) ("An agency's failure to

follow its own regulations is arbitrary and capricious.").  They make three

arguments as to how the DOJ did not follow its regulations.  The Court will first

lay out the regulatory framework and set forth the denial in this case before

considering Petitioners' arguments.

In relevant part, the DOJ's <u>Touhy</u> regulations provide that:

> Every attorney in the Department of Justice in charge of any case or
> matter in which the United States is a party is authorized . . . to reveal
> and furnish . . . such testimony, and relevant unclassified material,
> documents, or information secured by any attorney, or investigator of

---

[6] The Court recognizes that Petitioners cite district court cases and cases from other
circuits that conclude otherwise.  The Court will not follow those cases, which are not
binding on the Court, when the Eleventh Circuit's decisions in <u>Bizzard</u> and <u>Moore</u> are
binding.

the Department of Justice, as such attorney shall deem necessary or desirable to the discharge of the attorney's official duties.

28 C.F.R. § 16.23(a).

While the above section authorizes the release of testimony and unclassified material in cases where the United States is a party, § 16.23 nevertheless requires DOJ attorneys to consider the factors in 28 C.F.R. § 16.26(a)(1)–(2): "[w]hether disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose" or "under the relevant substantive law concerning privilege." Additionally, the regulations require that the attorney consider the factors set forth in § 16.26(b) before furnishing materials or testimony to a requesting party. If any of these factors are implicated by a request, the attorney must seek prior approval before providing the information or testimony. 28 C.F.R. § 16.23(a). Among other things, § 16.26(b) prohibits disclosure where such disclosure would "reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." 28 C.F.R. § 16.26(b)(5).

In denying Petitioners' first <u>Touhy</u> request, the DOJ stated that "the topics on which Petitioners wish to question Special Agent Evans involve the subject of an ongoing federal criminal investigation." [Doc. 33, pp. 11–12]. The DOJ thus reasoned that Petitioners' request fell "squarely" within the prohibition listed in §

8

16.26(b)(5) against interfering with law enforcement proceedings or disclosing investigative techniques.  Id.  More specifically, the DOJ pointed out that the Touhy letter expressed a desire for testimony to "understand the investigation" and to test SA Evans's statement "that he has not included in the affidavit every detail of the investigations or of parts of the conversations and statements he described in the affidavit."  Id. at 11.  The DOJ further stated that the testimony would also "implicate numerous government privileges" and was "unauthorized under precedent."  Id.  at 11–12.

Petitioners issued an amended Touhy request following the initial denial. [Doc. 40-1].  To address the DOJ's concerns, Petitioners' revised Touhy request explicitly provided that they did "not seek and [would] not request any testimony that would be protected by the relevant substantive law concerning privilege under 28 C.F.R. § 16.26(a)(2), or any privileged information that falls under 28 C.F.R. § 16.26(b)(5)."  Id. at 2.  The DOJ denied the amended request for the same reasons it denied the original request.  Indeed, the DOJ's denial letter reiterated the position that the Touhy request was inappropriate under the rules governing the case, violated the substantive law regarding privilege and implicated information that would fall within the ambit of § 16.26(b)(5).  [Doc. 56-5, pp. 2–3].  Moreover, while the letter recognized Petitioners' attempt to disclaim privileged information, Respondent stated that the disclaimer was incongruous with Petitioners' desire to

9

understand SA Evans's alleged misstatements and omissions from the warrant affidavit, which would necessarily delve into privileged information.  Id. at 3.

Petitioners contend that the denial of the amended request fails to follow the DOJ's Touhy regulations in three ways.  First, Petitioners argue that the presumption under the DOJ's regulations is that materials should be disclosed when the United States is a party.  Second, they say that the regulations require the DOJ to negotiate with Petitioners, and no such negotiation occurred.  Third, they contend that no grounds for denial exist under the regulations, so the regulations require disclosure.  The Court will consider each argument in turn.

As stated above, Petitioners argue that the DOJ's denial failed to comply with the Department's own regulations, which provide "[g]eneral disclosure authority" for proceedings in which the United States is a party.  [Doc. 56, pp. 16–17].  This argument fails because it is clear that the regulations allow the DOJ to decline to supply information where it has considered the factors set forth in § 16.26(a) and (b).  See 28 C.F.R. §§ 16.24(b)(2)–(3); 16.26(c).

Next, Petitioners contend that the DOJ's denial was invalid because DOJ officials failed to negotiate with Petitioners in violation of the procedure set forth in 28 C.F.R. § 16.24(c).  This provision reads that the responsible Department official "shall . . . authorize testimony by a present or former employee of the Department . . . without further authorization from Department officials whenever

possible." This section goes on to note that "[p]rior to authorizing such testimony or production, however, the responsible official shall, through negotiation and, if necessary, appropriate motions, seek to limit the demand to information the disclosure of which would not be inconsistent with the considerations specified in § 16.26 of this part." Petitioners take this section to mean that the DOJ is required to negotiate with the requesting party before moving to preclude an agency employee from testifying.

While Petitioners attempt to read a negotiation prerequisite into the DOJ regulations, the regulations do not support this reading. The regulations clearly require review of the "considerations specified in § 16.26" before the relevant agency official may approve testimony. 28 C.F.R. § 16.24(c). Petitioners' view presupposes that there will always be some portion of requested information that is appropriate for revelation. However, the regulations are careful to qualify their procedures with the requirement that any information revealed can only be disclosed in accordance with § 16.26. Thus, to the extent Petitioners seek denial of the Motion to Quash Subpoena on the basis that the DOJ's regulations required the agency to negotiate with Petitioners, the Court is unpersuaded by this argument.[7]

---

[7] Indeed, courts have found quashal of a subpoena appropriate where the DOJ refused testimony entirely. See, e.g., St. Vincent Med. Grp., Inc. v. U.S. Dep't of Just., 71 F.4th 1073, 1075–76 (7th Cir. 2023) (determining that the DOJ's decision to deny testimony was not arbitrary or capricious where the DOJ's third-party testimony was sought in a state-court action and the DOJ refused to supply an agent for testimony).

Finally, Petitioners argue that by narrowing their request to non-privileged information, the regulations *compel* disclosure of the testimony they seek.  This argument is predicated on the idea that 28 U.S.C. § 16.26(c) says that the DOJ "will authorize" disclosure.  But § 16.26(c) also says that disclosure can be denied (and in some cases *must* be denied) when certain factors exist.  Here, United States Attorney Thomas C. Albus determined both that the factors in § 16.26(a) preclude allowing the testimony and that the information sought falls "squarely" within § 16.26(b)(5).  [Doc. 56-5].  Regardless of whether Petitioners agree with these justifications for denial, the DOJ's denial letter indicates compliance with the decisional process established in the DOJ's relevant <u>Touhy</u> regulations.  This argument is really a disagreement with the decision reached by the DOJ.  That substantive decision can be reviewed under the APA, and the Court turns to that analysis now.

### C.    Petitioners' Argument that the DOJ's Reasoning Was Arbitrary and Capricious

The parties disagree as to whether the DOJ's denial of Petitioners' <u>Touhy</u> request was arbitrary and capricious.  Under the APA, the Court may overturn the agency action if it finds that the Attorney General's refusal to authorize the testimony was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  "To determine whether an agency decision was arbitrary and capricious, the reviewing court 'must consider whether

the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'"  N. Buckhead Civic Ass'n v. Skinner, 903 F.2d 1533, 1538 (11th Cir. 1990) (quoting Marsh v. Or. Nat. Res. Council, 490 U.S. 360, 378 (1989)).

> Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. The reviewing court should not attempt itself to make up for such deficiencies:  we may not supply a reasoned basis for the agency's action that the agency itself has not given.

Motor Vehicle Mfrs. Assoc. of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).  When an agency's decision is challenged under the arbitrary and capricious standard, the challenging party bears the burden of persuasion.  Balfour Land Co. v. United States, No. 08-CV-34, 2009 WL 1796068, at *7 (M.D. Ga. June 22, 2009) (citing Ward v. Campbell, 610 F.2d 231, 235 (5th Cir. 1980)).  Importantly, "[t]he arbitrary and capricious standard is 'exceedingly deferential.'"  Miccosukee Tribe of Indians of Fla. v. United States, 566 F.3d 1257, 1264 (11th Cir. 2009) (quoting Sierra Club v. Van Antwerp, 526 F.3d 1353, 1360 (11th Cir. 2008)).

Petitioners argue that the DOJ's denial was arbitrary and capricious because of Petitioners' expressed intent to avoid any privileged information.  In other

words, Petitioners assert that the DOJ's refusal to supply SA Evans for testimony was arbitrary and capricious because the agency declined the request even after Petitioners limited it to exclude privileged information and information otherwise protected under the relevant agency regulations.  In response to this argument, Respondent contends that questioning on the matters Petitioners identified would still "inherently involve and reveal information about an ongoing criminal investigation." [Doc. 56-5, p. 3].  The Court agrees.

It is undisputed that Petitioners' revised Touhy request seeks testimony from SA Evans concerning the "scope of material omissions and erroneous statements" within the search warrant affidavit and his "state of mind with respect to those erroneous statements and omissions." [Doc. 40-1, p. 2].  While Petitioners note that the contents of SA Evans's affidavit are already a matter of public record, [Doc. 56, p. 20], it does not necessarily follow that the information surrounding the "scope of material omissions and erroneous statements" and SA Evans's "state of mind with respect" to those matters would remain unprivileged.  In short, given the breadth of the law enforcement privilege and the testimony sought by Petitioners, the Court cannot conclude that DOJ's decision to prohibit this type of testimony was a clear error of judgment.  See, e.g., United States v. Ragland, No. 09-14016-CR, 2009 WL 10670132, at *4–5 (S.D. Fla. June 19, 2009) (finding that the DOJ could refuse to allow a law enforcement officer to testify or supply documents

14

based on the law enforcement privilege and 28 C.F.R. § 16.26 and citing the unfeasibility of isolating permissible testimony from impermissible testimony).

The DOJ's denial letter also stated that the testimony implicated information that would fall under § 16.26(b)(5). [Doc. 56-5, p. 3]. Despite Petitioners' assurances to the contrary, the Court finds that it was not clear error for the DOJ to deny the request based on concerns that SA Evans's testimony would "reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." Id. (quoting 28 C.F.R. § 16.26(b)(5)). In questioning SA Evans regarding the alleged omissions and misstatements in the warrant affidavit, it is reasonable to anticipate that information concerning the process and scope of the DOJ's investigation would be implicated. The relevant regulations contemplate and prohibit such disclosure, and the DOJ's denial on this basis does not evince clear error.

Thus, because the Court finds that the DOJ's decision to deny Petitioners' revised Touhy request was not arbitrary and capricious, it finds that the subpoena should be quashed. See Vander Luitgaren, 2008 WL 2610465, at *3 (quashing a subpoena seeking an AUSA's testimony based, in part, on the determination that the United States Attorney had decided to preclude the testimony under Touhy);

15

see also <u>Bizzard</u>, 674 F.2d at 1387 (upholding a district court's decision to quash a subpoena based on non-compliance with <u>Touhy</u>).

## CONCLUSION

In accordance with the foregoing, Respondent's Motion to Quash Subpoena [Doc. 33] is hereby **GRANTED**.  Petitioners' subpoena for the testimony of Special Agent Hugh Raymond Evans at the evidentiary hearing is hereby **QUASHED**.

**SO ORDERED** this 26th day of March, 2026.

_____
**J. P. BOULEE**
United States District Judge

16