

**Kilpatrick Townsend & Stockton LLP**
ktslaw.com

Suite 2800, 1100 Peachtree Street NE
Atlanta, GA 30309-4528

November 14, 2025

direct dial 404 815 6474
direct fax 404 541 3427
mtyler@ktslaw.com

**VIA EMAIL AND CERTIFIED MAIL**

Civil Rights Division
U.S. Department of Justice
ATTN: Harmeet K. Dhillon, Assistant Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Harmeet.Dhillon@usdoj.gov

  Re: U.S. Department of Justice letter dated October 30, 2025

Dear Assistant Attorney General Dhillon,

  On behalf of the Fulton County Board of Registration and Elections ("BRE") and the Fulton County Department of Registration and Elections ("DRE"), I write in response to the letter from the Civil Rights Division of the U.S. Department of Justice to BRE and DRE dated October 30, 2025.

  The October 30 letter requests "all records in [BRE and DRE's] possession responsive to the recent subpoena issued to [BRE and DRE] by the State Election Board." The October 6, 2025, subpoena issued by the State Election Board of Georgia to BRE and DRE requested that BRE and DRE make available for inspection: (A) "All used and void ballots and the stubs of all ballots used in the 2020 General Election"; and (B) "All absentee ballot (signature) envelopes and corresponding digital file." Our firm sent a response on behalf of BRE and DRE to the State Election Board's October 6 subpoena on October 22, 2025, which I enclose here for your reference.

  The October 30 letter requests this information under Title III of the Civil Rights Act of 1960, which allows the Attorney General to demand for inspection "[a]ny record or paper required by section 20701 of this title to be retained and preserved." 52 U.S.C. § 20703. Section 20701 requires the retention for twenty-two months of records "relating to any application, registration, payment of poll tax, or other act requisite to voting in such election." *Id.* § 20701. The materials requested in the State Election Board's October 6 subpoena (and thus the October 30 letter) do not relate to any "application, registration, payment of poll tax, or other act requisite to voting." The one case cited in the October 30 letter, *Crook v. SC Election Commission*, No. 2025-CP-40-06539 (Richland, S.C. Oct. 1, 2025), involved a voter registration list—not ballots, stubs, or absentee envelopes.

  The October 30 letter also does not indicate that the Civil Rights Division seeks this information to investigate or prosecute any potential civil rights violations. *See Georgia v. Clark*,

ANCHORAGE  ATLANTA  AUGUSTA  BEIJING  CHARLOTTE  CHICAGO  DALLAS  DENVER  HOUSTON  LOS ANGELES  NEW YORK  PHOENIX  RALEIGH
SAN DIEGO  SAN FRANCISCO  SEATTLE  SHANGHAI  SILICON VALLEY  STOCKHOLM  TOKYO  WALNUT CREEK  WASHINGTON  WINSTON-SALEM

119 F.4th 1304, 1315 (11th Cir. 2024) (Rosenbaum, J., concurring) (explaining "[t]he Voting Section of the [DOJ] investigates and files complaints against state authorities for violations of these statutes"—including 52 U.S.C. § 20701—"[b]ut the[se] statutes focus on civil-rights violations. None are concerned with purported voter fraud" (citing, *inter alia*, U.S. Dep't of Just., Just. Manual § 8-2.270 (Dec. 2022))). Because section 20701 does not encompass the materials requested, BRE and DRE respectfully object to the Civil Rights Division's statutory authority to demand them under section 20703.

Moreover, section 20701 authorizes encompassed records to be "deposited with" a designated custodian. 52 U.S.C. § 20701. As BRE and DRE explained to the State Election Board, the physical ballots, stubs, and absentee ballot envelopes for the 2020 General Election remain in the Fulton County Superior Court Clerk's possession and under seal in accordance with O.C.G.A. § 21-2-500. BRE and DRE are not in possession of these physical items and thus cannot produce them or make them available to the State Election Board or to the Department of Justice. Also enclosed for your reference is the Fulton County Superior Court Clerk's October 21, 2025, response to the State Election Board's identical subpoena to the Clerk, which explains the Clerk is without authority to produce these documents "absent a Court Order." *See* O.C.G.A. § 21-5-500(a). Thus, even if Title III of the Civil Rights Act encompassed your requests, we would be unable to fulfill them.

Please do not hesitate to reach out with any questions or clarifications.

Very truly yours,

Michael W. Tyler

Enclosures

cc (via email only): Kaye Burwell, Fulton County Chief Deputy County Counsel
Sherri Allen, Chair, Fulton County BRE (sherriallen@fultoncountyga.gov)
Nadine Williams, Director, Fulton County DRE (nadinewilliams@fultoncountyga.gov)
Douglass Selby, Member, Fulton County BRE (douglass.selby@fultoncountyga.gov)
Teresa K. Crawford, Member, Fulton County BRE (teresa.crawford@fultoncountyga.gov)
Julie Adams, Member, Fulton County BRE (julie.adams@fultoncountyga.gov)
Michael Heekin (michael.heekin@fultoncountyga.gov)
Aaron Johnson (aaron.johnson@fultoncountyga.gov)
C. Allen Garrett Jr. (agarrett@ktslaw.com)
Eric Neff (eric.neff@usdoj.gov)



**Kilpatrick Townsend & Stockton LLP**
ktslaw.com

Suite 2800, 1100 Peachtree Street NE
Atlanta, GA 30309-4528

October 22, 2025

direct dial 404 815 6474
direct fax 404 541 3427
mtyler@ktslaw.com

**VIA EMAIL AND CERTIFIED MAIL**

State Election Board
ATTN: James Mills, Executive Director
2 MLK Jr. Drive SE
Suite 802 Floyd West Tower
Atlanta, Georgia 30334
jmills@seb.ga.gov

Elizabeth T. Young
Danna Yu
Office of the Attorney General Chris Carr
40 Capitol Square SW
Atlanta, Georgia 30334
eyoung@law.ga.gov
dyu@law.ga.gov

Re:     State Election Board Subpoena

Dear Mr. Mills,

Our firm represents the Fulton County Board of Registration and Elections ("BRE") and the Fulton County Department of Registration and Elections ("DRE") with respect to the State Election Board ("SEB") subpoenas seeking documents related to the 2020 General Election.  We write in response to the October 6, 2025, subpoena (the "Subpoena") issued by the SEB to BRE and DRE.

As a threshold matter, the Subpoena seeks information regarding the 2020 General Election, which has been the subject of numerous closed SEB reviews and investigations. As more fully explained in our filings in the litigation styled as *Sherri Allen et al. v. State of Georgia*, No. 24CV014632, the SEB may not seek additional information related to matters that have been fully investigated and resolved.  BRE and DRE reiterate, expressly preserve, and do not waive these arguments in this response to the October 6, 2025, Subpoena and each of its requests.

With respect to the Subpoena's specific requests, please see BRE's and DRE's responses below:

**A.  All used and void ballots and the stubs of all ballots used in the 2020 General Election.**

As indicated by the Chief Deputy County Counsel's response to the SEB's October 6, 2025, subpoena to the Fulton County Clerk of Superior Court, the physical ballots and stubs for the 2020 General Election are in the Clerk's possession and under seal in accordance with O.C.G.A. § 21-2-500.  BRE and DRE are not in possession of these physical items and cannot produce them or make them available to the SEB.

BRE and DRE also state that they previously provided electronic copies of ballot images from the 2020 General Election recount via a thumb drive in response to the SEB's prior requests, and SEB investigators viewed these electronic ballot images in person as well.

**B. All absentee ballot (signature) envelopes and corresponding digital file.**

Like the items requested in (A), the physical absentee ballot envelopes from the 2020 General Election are in the Clerk's possession and under seal. BRE and DRE are not in possession of physical or digital copies of these items and cannot produce them or make them available to the SEB.

**C. The above (A) and (B) shall be made available for personal inspection and imaging as determined by Executive Director of the State Election Board.**

BRE and DRE do not have possession of any physical items responsive to requests (A) and (B) and thus has nothing to make available "for personal inspection and imaging" by the SEB.

***

Please do not hesitate to reach out with any questions or clarifications.

Very truly yours,

Michael W. Tyler

cc (via email only): C. Allen Garrett Jr.
Jennifer L. Cotton
Sherri Allen, Chair, Fulton County BRE
Nadine Williams, Director, Fulton County DRE

**OFFICE OF THE COUNTY ATTORNEY**

**Y. Soo Jo**
**COUNTY ATTORNEY**

**TELEPHONE (404) 612-0246**
**FACSIMILE (404) 730-6324**

FULTON
COUNTY

October 21, 2025

**VIA MAIL AND CERTIFIED MAIL**
Mr. James Mills
Executive Director, State Election Board
2 MLK Jr. Drive
Suite 802 Floyd West Tower
Atlanta, Georgia 30334
jmills@seb.ga.gov

Re: **State Election Board Subpoena**

Dear Mr. Mills:

The Fulton County Clerk of Superior Court is in receipt of your subpoena dated October 6, 2025, wherein you requested:

A. *All used and void ballots and the stubs of all ballots used in the 2020 General Election.*
B. *All absentee ballot (signature) envelopes and corresponding digital file.*
C. *The above (A) and (B) shall be made available for personal inspection and imaging as determined by Executive Director of the State Election Board.*

As previously stated in our November 15, 2024 response to a similar request for records related to the 2020 General Election, it is our belief that the records sought are under seal pursuant to O.C.G.A. § 21-2-500 and may not be produced absent a Court Order. Consequently, the Clerk is unable to fulfill this request, as she is without the requisite authorization to do so.

Further, I question the authority of the State Election Board ("SEB") to re-litigate stale issues regarding the 2020 election, especially when those matters have already been resolved by the SEB. I refer you to the Letter of Reprimand, a final decision, issued by the SEB, in response to the Complaint regarding the tabulator results of the 2020 General Election. I also question the relevance of the information sought, as the issued subpoena does not appear to be connected to any matter currently before the SEB. Accordingly, it appears that this subpoena constitutes an improper and unauthorized use of otherwise valid subpoena power.

Mr. James Mills
October 21, 2025
Page 2 of 2

Should you have any questions or concerns please feel free to contact me at 404-612-0251.

Sincerely,

Kaye Woodard Burwell
Chief Deputy County Counsel