**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ROBERT L. "ROBB" PITTS, CHAIRMAN, FULTON COUNTY BOARD OF COMMISSIONERS; FULTON COUNTY BOARD OF REGISTRATION AND ELECTIONS; FULTON COUNTY, GEORGIA; and CHE ALEXANDER, CLERK OF COURT, <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil Action No. 1:26-CV-00809-JPB |

**PETITIONERS' REPLY IN SUPPORT OF POST-HEARING MOTION FOR ADDITIONAL EVIDENCE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 41(G)**

Rather than directly answer the Court's March 27, 2026 questions—or even deny the inference raised by the Court's concerns—Respondent's opposition, in effect, suggests that the Court had no business asking and Petitioners had no proper basis for making their motion. Respondent is incorrect, and its opposition provides no valid basis to deny Petitioners' post-hearing motion.

First, Respondent's "timeliness" argument should be rejected. Petitioners' specific request for evidence arises out of Respondent's incomplete answers to the Court's questions raised at the hearing on this matter. This first argument is just an attempt to distract from those unanswered inquiries. Second, at the evidentiary

1

hearing, the Court explained the significance of the information Petitioners' motion requests. Now, Respondent asserts that the Court's queries and Respondent's own representations at the hearing are "irrelevant." That argument is meritless, and Respondent should be required to substantively address those issues raised at the hearing. Third, Respondent cannot avoid the Court's scrutiny under the guise of qualified privileges. Notably, at the hearing, Respondent did not object to the Court's questions on privilege, *Touhy* or any other grounds. Respondent's belated assertion of privilege is another transparent attempt to avoid giving a direct answer. Considering the context of Petitioners' motion, Respondent's arguments lack merit, and this Court should grant Petitioners' motion.

1.    <u>**Respondent's Timeliness Argument Ignores the Court's Questions and the Relevant Procedural Context.**</u>

Respondent's untimeliness argument is incorrect. After Petitioners addressed the suspicious timing of the purported "ongoing criminal investigation" and the civil proceedings in *Alexander* and *Allen*,[1] the Court asked Respondent's counsel about meetings, discussions, or other express coordination of the civil and criminal pursuit of the election records. *See* Transcript (Doc. 76) at 71 ("I'm looking to know if that's what happened or not. And the timing of the criminal investigation will tell me a lot in answering that question."). Respondent's counsel then disclaimed any personal

---

[1] *See United States v. Alexander*, 1:25-CV-07084-TWT (N.D. Ga. 2025); *Allen v. Georgia*, Civil Action No. 24CV014632 (Super. Ct. of Fulton Cnty. 2024).

knowledge of the relevant facts at the hearing, *id.* at 70–72, but counsel's personal knowledge is not an adequate basis to fully answer the questions raised.[2] Now, after that insufficient response, Respondent's counsel claims that the time for answers has passed.

The Court's questions, following those posed by Petitioners, at the hearing were timely, and Respondent cites no authority suggesting that the Court cannot or should not grant Petitioners' motion to complete the record with responses to those questions.[3] This Court should not permit Respondent to substitute a baseless assertion of untimeliness for substantive answers.

---

[2] Notably, Respondent's counsel also denied personal knowledge of coordination with the State Election Board in the *Allen* case. *See* Tr. at 69 ("That's the first I've ever heard of that."). But Respondent's litigation position and evidence filed on the *Alexander* docket suggest otherwise. *See, e.g.*, October 30, 2025 Letter from H. Dhillon to FBRE (Doc. 71-1) at 2 (demanding election records and noting that the "State Election Board of Georgia . . . called upon the assistance of [Respondent]."); Decl. of E. Neff, Acting Chief of Voting Section of DOJ Civil Rights Division, *United States v. Alexander*, 1:25-CV-07084-TWT (N.D. Ga. filed Dec. 11, 2025).

[3] Respondent cites to *Williamson Oil Co., Inc. v. Philip Morris USA*, 346 F.3d 1287, 1323 (11th Cir. 2003) and *Artistic Entertainment, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202–03 (11th Cir. 2003). But both of those cases address motions filed after established deadlines for full civil discovery and summary judgment briefing had passed. Neither *Williamson* nor *Artistic Entertainment* addresses the timing or this Court's discretion to "take evidence" under Federal Rule of Criminal Procedure 41(g), especially where doing so provides the Court with information to inform its own questions about Respondent's callous disregard of Petitioners' rights.

**2.** **The Information Petitioners Seek Is Directly Relevant to Issues Raised at the Evidentiary Hearing.**

Respondent's next argument ignores the nature of the information sought, which would show whether Respondent manufactured its "ongoing criminal investigation" as a mere pretext for overcoming roadblocks in civil litigation. The Court's questions (and Respondent's failure to address them) made clear the relevance of when the alleged criminal investigation began, who initiated it, and its relationship to Respondent's civil litigation. Specifically, the timing of (1) Respondent's initial letter request for the 2020 election records, (2) Respondent's filing of a lawsuit to enforce that request, and (3) Petitioner Alexander's motion to dismiss that suit—just before Respondent applied for the warrant—raises an inference that the criminal proceeding was improperly used.[4] And the Court acknowledged the relevance of that inference at the evidentiary hearing. *See* Tr. at 73 ("[T]hat would go towards callous disregard.").

Comments that DOJ's Assistant Attorney General for Civil Rights made in media interviews further strengthen the inference of a pretextual "criminal investigation," as she has indicated that—shortly before the search warrant was sought—Respondent was frustrated by the pace and challenge of obtaining the 2020

---

[4] This inference is particularly strong where the statute of limitations has lapsed on any relevant criminal conduct and Respondent has taken the position that "the Statute of Limitations issue is irrelevant as a matter of law . . . ." Tr. at 84; *id.* at 213 ("It doesn't matter what the Statute of Limitations is.").

election records through civil litigation.[5] But when the Court asked about that inference, Respondent's counsel gave no substantive answer. *See* Tr. at 71–72.

Respondent itself recognizes that a "bad faith" use of criminal process poses addressable issues. Opp. (Doc. 75) at 4. But bad faith is precisely what's at issue here, where Respondent has callously disregarded Petitioners' constitutional rights.[6] The answers and information sought in Petitioners' motion could not be more relevant.

---

[5] Legal commentators have raised the same questions about timing based on Assistant Attorney General Harmeet Dhillon's statements, which underscore the relevance of the information sought. *See, e.g.*, Anna Bower, *Fulton County's Uphill Battle for Ballots*, Lawfare (Mar. 31, 2026), https://www.lawfaremedia.org/article/fulton-county's-uphill-battle-for-ballots (citing Dhillon's statements "support[ing] . . . the county's theory that the warrant was merely a pretext for securing access to records that the Justice Department was seeking through civil litigation"); *see also* Yunior Rivas, *DOJ says Fulton County ballot seizure timeline is secret. But Harmeet Dhillon may have already revealed it*, Democracy Docket (Apr. 3, 2026), https://www.democracydocket.com/news-alerts/doj-fulton-county-ballot-seizure-timeline-harmeet-dhillon-revealed/.

[6] The Court should disregard Respondent's contention that Petitioners failed to specify the constitutional right at issue. To state the obvious, a criminal investigation into non-prosecutable crimes for the sole purpose of obtaining records already sought by the same agency through civil litigation would constitute outrageous government conduct implicating Petitioners' constitutional rights, including those under the Due Process Clause and the Fourth Amendment. Moreover, it would be a factual circumstance that would establish a callous disregard of Petitioners' rights.

**3.**    **The Court Should Reject Respondent's Attempt to Use Inapplicable and Qualified Privileges to Avoid Answering Fundamental Questions About Potential Prosecutorial Misconduct.**

Respondent's belated assertion of qualified privilege is an improper attempt to avoid providing basic information in response to this Court's questions. First, when asked at the hearing about any pretextual nature of its criminal investigation, Respondent failed to assert any deliberative or law enforcement privilege.[7] Instead, counsel answered and merely disclaimed any personal knowledge. An after-the-fact claim of privilege does not bar this Court's review.

Second, even if Respondent did not waive them, neither the law enforcement privilege nor the deliberative process privilege applies under these circumstances, where there is a strong inference that Respondent's "ongoing criminal investigation" was merely pretext for obtaining records in civil litigation. *Cf. Jones v. City of Coll. Park, Ga.*, 237 F.R.D. 517, 520–21 (N.D. Ga. 2006) ("[T]he deliberative process privilege yields when government misconduct is the focus of the lawsuit.") (internal quotation marks and citation omitted); *Jenkins v. Koch Foods, Inc.*, No. 2:17-CV-364-RAH-JTA, 2020 WL 12992000, at *3 (M.D. Ala. Mar. 11, 2020) ("Entities asserting the [law enforcement investigatory] privilege must submit documentation of why the information falls within the scope of the privilege.").

---

[7] Respondent's answer (without any mention of privilege) also followed the Court's reminder that "certainly to the extent [the response is] privileged, [counsel] doesn't have to answer the question." Tr. at 71.

Third, even if either privilege did apply to some information or records, Respondent's outright refusal to answer *any* questions is telling. For example, after Respondent consented to unsealing the warrant affidavit, it was clear that Kurt Olsen's submission of the criminal referral occurred between October of 2025 and January 27, 2026.[8] So Respondent's claim that identifying a particular referral date within that publicly admitted timeframe would reveal sensitive "law enforcement techniques" or "internal deliberations" is not credible.[9] In any event, Respondent's opposition does not deny that responsive meetings or communications exist, and if it seeks to assert a claim of privilege, Respondent should at least be required to log any responsive communications and provide them to the Court for *in camera* review.

For the reasons noted above, the Court should direct Respondent to provide a more complete answer to the questions posed by the Court at the March 27, 2026, hearing and to produce the information identified in Petitioners' Post-Hearing Motion for Additional Evidence.

---

[8] Kurt Olsen was appointed "Director of Election Security and Integrity" in October of 2025, and Respondent initially applied for the search warrant on January 27, 2026. *See* Petrs.' Mot. for Additional Evid. (Doc. 71) at 3, 5; Resp. Exhibit 3A.

[9] Similar examples abound. For instance, identifying *when* the alleged criminal investigation began, *whether* there were conversations about the interaction between the civil case and search warrant (not what was actually said), and *who* was involved (again, not what they said) is surely not implicated by any asserted privilege.

7

Respectfully submitted, this 6th day of April, 2026.

/s/ Y. Soo Jo
Y. Soo Jo
Georgia Bar No. 385817
OFFICE OF THE FULTON
COUNTY ATTORNEY
141 Pryor St. SW, Suite 4038
Atlanta, Georgia 30309
Tel.: (404) 612-0246
soo.jo@fultoncountyga.gov

/s/ Kamal Ghali
Kamal Ghali
Georgia Bar No. 805055
Michael C. Duffey
Georgia Bar No. 710738
CHAIKEN GHALI LLP
One Atlantic Center
1201 W. Peachtree St. NW, Suite 2300
Atlanta, Georgia 30309
Tel.: (404) 795-5005
kghali@chaikenghali.com
mduffey@chaikenghali.com

/s/ Abbe David Lowell
Abbe David Lowell*
John Bolen*
LOWELL & ASSOCIATES, PLLC
1250 H Street NW
Washington, D.C. 20005
Tel.: (202)-964-6110
jbolen@lowellandassociates.com
alowellpublicoutreach@
lowellandassociates.com

/s/ Stephen Jonas
Stephen Jonas*
Norman Eisen*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE
Suite 1580, Washington, D.C. 20003
Tel.: (202) 594-9958
steve@democracydefenders.org
norman@democracydefenders.org

*Counsel for Petitioners Robert L. Pitts, Chairman, Fulton County Board of Commissioners; Fulton County Board of Registration and Elections; Fulton County, Georgia; and Che Alexander, Clerk of Court*

*Admitted pro hac vice*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record.

This 6th day of April, 2026.

/s/ *Michael C. Duffey*
Michael C. Duffey