UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT L. "ROBB" PITTS, et al.,

Petitioners,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL ACTION NO.
1:26-CV-00809-JPB

## **ORDER**

This matter is before the Court on Petitioners'[1] Post-Hearing Motion for Additional Evidence Pursuant to Federal Rule of Criminal Procedure 41(g) [Doc. 71]. This Court finds as follows:

## **BACKGROUND**

On January 28, 2026, the Federal Bureau of Investigation ("FBI") seized over 600 boxes of Fulton County's 2020 election records pursuant to a search warrant issued by a United States Magistrate Judge. Soon after, Petitioners filed a motion under Federal Rule of Civil Procedure 41(g) seeking the return of the

---

[1] Petitioners include Robert L. "Robb" Pitts, who is the Chairman of the Fulton County Board of Commissioners; the Fulton County Board of Registration and Elections; Fulton County, Georgia; and Che Alexander, the Clerk of Court for Fulton County.

seized materials.  [Doc. 1].  On March 27, 2026, the Court held an evidentiary hearing on Petitioners' request for return of the seized property.  [Doc. 70].

After the conclusion of the hearing, Petitioners filed the instant Post-Hearing Motion for Additional Evidence.  [Doc. 71].  This motion asks that the Court order Respondent to supply certain information to Petitioners and the Court.  Id. Specifically, Petitioners seek information related to the relationship between civil litigation regarding the seized documents and the origin of the criminal investigation that led to the search warrant.  Respondent opposes the motion, [Doc. 75], and it is now ripe for review.

## ANALYSIS

Petitioners seek an order from this Court requiring Respondent to answer two questions.  Petitioners want to know (1) when Kurt Olsen referred the criminal investigation at issue in this case to the FBI and (2) when the FBI's investigation leading to the seizure of Fulton County election materials began.  [Doc. 71, pp. 8–9].  In addition to answering questions, Petitioners also want Respondent to provide insight into government communications.  They wish to ask whether there were "any meetings or communications" in which Department of Justice ("DOJ") officials "discussed using a criminal search warrant in response to delays" in the ongoing civil litigation.  Id. at 9.  Petitioners also seek all communications between

any criminal-division DOJ personnel involved in obtaining the search warrant and any civil-division DOJ personnel involved in the ongoing civil litigation.  Id. Finally, Petitioners request that, if such communications exist, Respondent provide them to the Court for an *in camera* review.  Id.  Respondent opposes the motion, arguing that Petitioners' request is untimely and seeks information that is both irrelevant and privileged.  [Doc. 75].

Federal Rule of Criminal Procedure 41(g) states that courts must "receive evidence" when deciding a motion for return of property.  The instant motion, however, goes beyond that.  It asks the Court to not only receive evidence, but to obtain it for Petitioners.  Yet Petitioners identify no basis for the Court's authority to issue such an order.  Nor do they explain why their motion is the proper mechanism to obtain the information, rather than seeking it from Respondent directly.

Given the unique posture of these Rule 41(g) proceedings[2] and the possibly sensitive nature of the information sought, Petitioners' Post-Hearing Motion for

---

[2] The Court notes that past cases cast doubt on the availability of expansive discovery in the Rule 41(g) context.  See Trezza v. United States, No. CV 06-492, 2006 WL 2989033, at *3 (D. Ariz. Oct. 16, 2006) (recognizing that full civil discovery before a 41(g) evidentiary hearing was improper because it was "tantamount to extraordinary pre-indictment discovery of the Government's investigation"); see also Bennett v. United States, No. 12-61499-CIV, 2013 WL 3821625, at *8 (S.D. Fla. July 23, 2013) (noting that discovery pursuant to Federal Rule of Criminal Procedure 16 "governs criminal

Additional Evidence Pursuant to Federal Rule of Criminal Procedure 41(g), [Doc. 71], is **DENIED** to the extent that Petitioners ask the Court to order Respondent to supply answers to Petitioners' inquiries and produce documents for an *in camera* review.  Nevertheless, the Court is prepared to receive any additional evidence concerning these topics that Petitioners are able to obtain.  If Petitioners gather such information, via a <u>Touhy</u> request or otherwise, they may submit it for the Court's consideration no later than April 27, 2026.[3]  At that time, the period for submitting evidence will close, and the Court will take all record evidence into consideration before issuing a decision.

     **SO ORDERED** this 13th day of April, 2026.

                                             **J. P. BOULEE**
                                           United States District Judge

---

discovery and not pre-indictment motions under Rule 41(g)"); <u>cf.</u> <u>United States v. Riccardi</u>, 857 F. App'x 472, 475 (10th Cir. 2021) ("Rule 41(g) is not a discovery tool.")

[3] In its response to Petitioners' motion, Respondent contends that Petitioners' request for additional information is irrelevant and untimely.  [Doc. 75, pp. 3–4].  As to both concerns, Petitioners' request is, at least in part, in response to certain inquiries that were not raised until the hearing itself.