Exhibit B



# United States Department of Justice

April 17, 2026

Kamal Ghali
Chaiken Ghali LLP
1201 W. Peachtree St.
Suite 2300
Atlanta, GA 30309

Re: *Pitts v. United States*, No. 1:26-cv-809 (N.D. Ga.)

Mr. Ghali,

On April 14, 2026, the Department of Justice received your *Touhy* request seeking information about the timeline of certain events related to Fulton County, as well as the substance of alleged communications about those events and related matters.

Any disclosures to Petitioners in connection with those matters are governed by the Department's *Touhy* regulations. 28 C.F.R. §§ 16.21-.29. The Supreme Court has long recognized the authority of federal agencies to regulate the disclosure of information by their employees. In *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the Court held that a federal employee could not be held in contempt for refusing to produce subpoenaed documents, where his refusal was based on regulations prohibiting the disclosure of official information without prior authorization. *Id.* at 468. Nor did such regulations invade the authority of the Courts to determine the admissibility of evidence. *Id.* at 468-70.

Your request requires the Department to "consider … the factors set forth in § 16.26(a)," 28 C.F.R. § 16.23(a), which in turn state that "[i]n deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider: (1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and (2) Whether disclosure is appropriate under the relevant substantive law concerning privilege," *id.* § 16.26(a).

The Department's *Touhy* regulations also prohibit "reveal[ing] or furnish[ing] any material, documents, testimony or information when, in the attorney's judgment, any of the factors specified in § 16.26(b) exists." 28 C.F.R. § 16.23(a). Those factors include:

> (1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, F.R.Cr.P., Rule 6(e), (2) Disclosure would violate a specific regulation; (3) Disclosure would reveal classified information, unless appropriately declassified by the originating agency, (4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection, (5) Disclosure

would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired, (6) Disclosure would improperly reveal trade secrets without the owner's consent.

*Id.* § 16.26(b).

Disclosure of information in response to your request is not appropriate for numerous independent reasons. The Department incorporates by reference all the reasons provided in its opposition to Petitioners' motion to supplement the evidentiary record in *Pitts v. United States*, No. 1:26-cv-809 (N.D. Ga.). Those bases include, for example, that your request is untimely because you just as easily could have requested this information before the evidentiary hearing. Further, the request seeks information that is irrelevant because Eleventh Circuit caselaw holds that there is no constitutional violation—let alone a callous disregard of constitutional rights—in using criminal process to obtain materials, regardless of when or whether those materials had been sought civilly. Petitioners certainly cannot complain that the United States went through the *more* arduous process of obtaining a search warrant. Additionally, certain of the information Petitioners seek is privileged, in particular #3 on your list, which requests information about alleged communications regarding these matters, which would reveal privileged materials and information.

Relatedly, disclosure is inappropriate because of the many incurable defects in Petitioners' Rule 41(g) motion itself. Those arguments have been hashed out at length in the Department's briefing, which is incorporated by reference here. Those arguments include (but are not limited to) Petitioners' lack of need for the original materials and lack of irreparable harm, as exemplified by the County's Director of Registration and Elections stating during the seizure that the United States could "make paper airplanes" with the records for all she cared.

Additionally, the Department must consider the cumulative effect of others possibly making similar requests. If parties served with a search warrant could routinely file a Rule 41(g) motion, insist on an evidentiary hearing, and then belatedly seek to peel back information about an ongoing criminal investigation (especially via depositions and document requests, as your letter proposes), the Department's ability to meet its law-enforcement duties would be severely curtailed. Every search warrant, or at least every search warrant in a high-profile matter, would result in a mini pre-trial with discovery.

Any one of these bases is sufficient to deny your request in full.

However, in the interests of putting an end to this inquiry so the Department can devote its full attention to law-enforcement duties, and without waiving any arguments or privileges, I can disclose that Kurt Olsen sent a formal criminal referral to the Department before Che Alexander even filed her motion to dismiss the *Alexander* case on January 5, 2026 (ECF No. 18). No further disclosures are authorized. Your request is otherwise denied.

/s/
_____
THOMAS C. ALBUS
United States Attorney

2