**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ROBERT L. "ROBB" PITTS, CHAIRMAN, FULTON COUNTY BOARD OF COMMISSIONERS; FULTON COUNTY BOARD OF REGISTRATION AND ELECTIONS; FULTON COUNTY, GEORGIA; and CHE ALEXANDER, CLERK OF COURT, <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil Action No. 1:26-CV-00809-JPB |

**PETITIONERS' REPLY IN SUPPORT OF MOTION TO COMPEL RESPONDENT TO COMPLY WITH REQUEST FOR INFORMATION**

Rather than provide any appropriate basis for withholding non-privileged information in response to Petitioners' narrow *Touhy* request, Respondent has again refused to disclose even basic information, such as dates, on the theory that a date, alone, can be subject to an amorphous and ever-shifting claim of "privilege." In reality, Respondent's conception of "privilege" appears reverse-engineered to conceal any information that may harm its litigation position. The Court should not condone such tactics, and it should compel Respondent to answer the questions in Petitioners' request or, at a minimum, conduct *in camera* review to determine whether any privilege applies.

1

The Court should see Respondent's denial to provide a narrow set of answers for what it is: an arbitrary and capricious decision. To be clear, Petitioners' requests are not about the validity of parallel investigations. Rather, Petitioners seek limited information to determine whether Respondent's purported "ongoing criminal investigation" is a pretext for a politically motivated effort to bypass lengthy civil litigation. As the Court explained at the evidentiary hearing, Respondent's use of the criminal investigation as an end-run around delays in civil litigation "would go towards callous disregard." Transcript at 73; *see also id.* at 71 ("[T]he timing of the criminal investigation will tell [the Court] a lot in answering that question.").

1. **Respondent's Self-Serving Disclosure Highlights Its Arbitrary and Capricious Decision-making.**

Tellingly, Respondent made a limited and self-serving disclosure, while refusing to answer Petitioners' basic questions. *See Touhy* Denial (Doc. 89-2) at 2. Respondent cites no authority suggesting that it can pick and choose which information to disclose based on its litigation position. *See generally* Resp.'s Opp'n to Mot. to Compel (Doc. 92) ("Opp'n"). Rather, Respondent's sole, self-serving disclosure reveals the arbitrary and capricious nature of its denial.

In its *Touhy* denial, Respondent stated for the first time that "Kurt Olsen sent a formal criminal referral to the Department before Che Alexander even filed her motion to dismiss the *Alexander* case . . . ." *Touhy* Denial at 2. But what makes that disclosure, which concerned the precise type of information that Respondent

implausibly described as "privileged," any less "law enforcement sensitive" than the narrow information Petitioners requested? Notably, Respondent fails to explain why it can disclose that Olsen, who is a political appointee not housed within DOJ, referred the criminal investigation to DOJ before January 5 while refusing to disclose any other date that relates to that referral. *See* Mot. to Compel (Doc. 89) at 11. Did he refer the investigation on January 4? January 3? December 23? Why would any one of those dates be more privileged than any other? Respondent's arbitrary reasoning, which appears to be motivated by its litigation position rather than any bona fide privilege claim, should be rejected, and the Court should compel Respondent to answer Petitioners' request.

## 2. The Information Sought Is Not Privileged, and Respondent Waived Any Claim of Privilege Through Its Intentional, Selective Disclosures.

Respondent also claims that the information Petitioners seek is privileged. But its privilege assertions are meritless. As an initial matter, Respondent fails to reasonably explain how certain dates can be protected by a privilege. Instead, Respondent claims that those dates, without any additional context, would somehow reveal "law enforcement techniques and procedures" and "internal deliberations." Opp'n at 11. How?

Respondent's disclosure also constitutes a waiver of any privilege. As the Eleventh Circuit has explained, selective disclosures of privileged information typically constitute waiver. *See Jahn as Tr. for Doyon v. Gov't Emps. Ins. Co.*, 759

3

F. App'x 815, 817 (11th Cir. 2018) ("[S]elective disclosure for tactical purposes waives the attorney-client privilege.") (internal quotation marks and citation omitted); *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1313 (11th Cir. 2021) (same). In other words, a party cannot selectively invoke and then disavow privileges on the basis of convenience or a litigation position. *Cf. Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1419 (11th Cir. 1994), *opinion modified on reh'g*, 30 F.3d 1347 (11th Cir. 1994) (affirming district court holding that plaintiff waived attorney-client privilege by going "beyond mere denial" and making an affirmative assertion of good faith); *In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*, 145 F.3d 1422, 1424 (D.C. Cir.), *on reh'g in part*, 156 F.3d 1279 (D.C. Cir. 1998) ("If the plaintiff's cause of action is directed at the government's intent, . . . it makes no sense to permit the government to use the [deliberative process] privilege as a shield."); *Belmont Holdings Corp. v. Suntrust Banks, Inc.*, No. 1:09-CV-1185-WSD, 2012 WL 6430598, at *4 (N.D. Ga. Nov. 19, 2012) ("A party waives the protections provided by the work-product doctrine and attorney-client privilege with regard to a protected subject matter where it selectively and intentionally introduces information and testimony into a litigation and fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary.") (internal quotation marks and citation omitted).

Though Respondent now claims that any waiver was not "intentional," the selective disclosure was undisputedly purposeful and laid out in a detailed *Touhy* denial that Respondent spent days crafting. And to the extent Respondent disputes the availability of "expansive" discovery in the Rule 41(g) context, that issue has no bearing on the Court's authority to direct Respondent to answer the narrow questions in Petitioners' *Touhy* request. Those questions seek specific, non-privileged information that is material to this dispute, and the Court should not permit Respondent to continue its efforts to obscure that information.

But, in all events, Respondent's privilege assertions fail for the additional, independent reason that the limited information requested is not subject to the law enforcement or executive deliberation privileges. As Petitioners previously pointed out, that type of information is exactly what would be provided in a privilege log. *See* Reply in Supp. of Mot. for Addt'l Evid. (Doc. 77) at 7. But even if those qualified privileges did apply to dates and parties to certain communications, they do not apply to the misconduct allegations here, namely, invoking a "criminal investigation" as a pretext to obtain records that DOJ sought for, among other things, political reasons. *Cf. Jones v. City of Coll. Park, Ga.*, 237 F.R.D. 517, 520–21 (N.D. Ga. 2006) ("[T]he deliberative process privilege yields when government misconduct is the focus of the lawsuit.") (internal quotation marks and citation omitted); *Jenkins v. Koch Foods, Inc.*, No. 2:17-CV-364-RAH-JTA, 2020 WL 12992000, at *3 (M.D. Ala.

5

Mar. 11, 2020) ("Entities asserting the [law enforcement investigatory] privilege must submit documentation of why the information falls within the scope of the privilege."); *Est. of LeRoux v. Montgomery Cnty., Maryland*, No. 8:22-CV-00856-AAQ, 2024 WL 1703939, at \*4 (D. Md. Apr. 19, 2024) ("[T]he deliberative process privilege does not apply where the plaintiff's cause of action is directed at the government's intent.") (internal quotation marks and citation omitted).

### 3. Conclusion.

For the reasons stated above, the Court should direct Respondent to provide a complete answer to the questions posed in Petitioners' Request for Information.

Respectfully submitted, this 27th day of April, 2026.

[SIGNATURES ON FOLLOWING PAGE]

/s/ Y. Soo Jo
Y. Soo Jo
Georgia Bar No. 385817
OFFICE OF THE FULTON
COUNTY ATTORNEY
141 Pryor St. SW, Suite 4038
Atlanta, Georgia 30309
Tel.: (404) 612-0246
soo.jo@fultoncountyga.gov


/s/ Abbe David Lowell
Abbe David Lowell*
John Bolen*
LOWELL & ASSOCIATES, PLLC
1250 H Street NW
Washington, D.C. 20005
Tel.: (202)-964-6110
jbolen@lowellandassociates.com
alowellpublicoutreach@
lowellandassociates.com

/s/ Kamal Ghali
Kamal Ghali
Georgia Bar No. 805055
Michael C. Duffey
Georgia Bar No. 710738
CHAIKEN GHALI LLP
One Atlantic Center
1201 W. Peachtree St. NW, Suite 2300
Atlanta, Georgia 30309
Tel.: (404) 795-5005
kghali@chaikenghali.com
mduffey@chaikenghali.com


/s/ Stephen Jonas
Stephen Jonas*
Norman Eisen*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE
Suite 1580, Washington, D.C. 20003
Tel.: (202) 594-9958
steve@democracydefenders.org
norman@democracydefenders.org

*Counsel for Petitioners Robert L. Pitts, Chairman, Fulton County Board of Commissioners; Fulton County Board of Registration and Elections; Fulton County, Georgia; and Che Alexander, Clerk of Court*

*\*Admitted pro hac vice*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record.

This 27th day of April, 2026.

*/s/ Michael C. Duffey*
Michael C. Duffey