UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT L. "ROBB" PITTS, et al.,

Petitioners,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL ACTION NO.
1:26-CV-00809-JPB

## ORDER

This matter is before the Court on Justin Glawe's Motion to Intervene and to Unseal Court Records [Doc. 6]. This Court finds as follows:

## BACKGROUND

On January 28, 2026, after obtaining a search warrant signed by a United States Magistrate Judge (hereinafter, the "Magistrate Judge"), the Federal Bureau of Investigation ("FBI") seized over 600 boxes of Fulton County's 2020 election records. On February 6, 2026, Glawe, a journalist, filed a motion asking the Court to unseal the warrant, the warrant application, any supporting affidavits, the return and any other judicial records related to the warrant. [Doc. 6]. Glawe and the United States of America ("Respondent") have largely resolved the instant motion and much of the information has already been unsealed. The sole remaining matter

for the Court to decide involves the affidavits[1] submitted to the Magistrate Judge for the purpose of establishing probable cause (hereinafter, "the Affidavits").

On February 10, 2026, Respondent filed and made public a redacted version of the Affidavits.  [Doc. 22].  The only redactions are the names of eleven witnesses who provided information to the FBI.  Glawe asserts that the names should be unredacted.  Currently, most of the witnesses—witnesses 1, 4, 5, 6, 7, 8 and 9—do not oppose their identities being revealed.[2]  [Doc. 74, p. 2].  Witnesses 2, 3 and 11, however, object to the removal of the redactions.  Id.  The Court must thus decide whether the redactions as to witnesses 2, 3 and 11 should be removed.

## LEGAL STANDARD

"The right of the public to access judicial records is grounded in the [common law] right of access."  Perez-Guerrero v. U.S. Att'y Gen., 717 F.3d 1224, 1235 (11th Cir. 2013).  Notably, the Eleventh Circuit Court of Appeals has recognized that the common law right of access is an "essential component of our

---

[1] The Magistrate Judge actually signed two warrants.  The Magistrate Judge first authorized the search of the Fulton County Election Hub.  [Doc. 22-1, p. 2].  After the FBI discovered that the election records were housed within the Election Hub, but in "an access-limited portion of the warehouse controlled by the Clerk of Court," it requested a second warrant.  [Doc. 22-2, p. 22].  The Magistrate Judge then signed a new warrant to specifically authorize the search of "the Clerk of Court's portion of the warehouse."  Id. at 2, 22.  Two affidavits were thus submitted, and the analysis herein applies to both.

[2] Witness 10 did not provide a position as to whether his or her name should be revealed. [Doc. 74, p. 2].  Glawe is no longer seeking to unseal witness 10's name. [Doc. 78, p. 1].

2

system of justice" and "is instrumental in securing the integrity of the process." Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC, 918 F.3d 1161, 1166 (11th Cir. 2019) (citation modified).  The common law right of access ensures that "[t]he media and public presumptively have a right to access judicial records."  Id.

While a presumption exists in favor of access, the common law right is not absolute and "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential."  Id. at 1169 (citation modified).  In conducting this balancing test, courts consider the following factors:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2007).  In addition to these factors, courts can also consider:  (1) whether the records are sought for an illegitimate purpose as to promote public scandal; (2) whether access is likely to promote public understanding of historically significant events; (3) whether the press has already been permitted substantial access to the contents of the records; and (4) the consistency of a party's reliance where the party files a document subject to a protective order.  Advance Local Media, 918 F.3d at 1169.

**DISCUSSION**

This Court must decide whether to unseal the names of witnesses 2, 3 and 11. By way of background, the Affidavits describe witness 2 as the "Republican-appointed member of the Georgia State Election Board" ("SEB") and state that, prior to serving on the SEB, witness 2 was an obstetrician. [Doc. 22-2, p. 9]. As to the other witnesses, the Affidavits state that witness 3 is "the current House-appointed [SEB] member" and that witness 11 is a current Fulton County Commissioner who worked as a poll worker during the 2020 election. Id. at 10, 19. Both parties seemingly admit that, even though the names are redacted, the identities of the witnesses are already known to the public. [Doc. 76, p. 226] ("It seems like everybody knows who these 11 people are, yet here we are . . . arguing about it.").

In balancing the right of access versus Respondent's interest in keeping the names of the witnesses confidential, the Court notes that many of the above factors weigh in favor of the right of access. For instance, it does not appear that Glawe is seeking the records for an illegitimate purpose or to promote public scandal. Moreover, it is undeniable that the 2020 election and the seizure of the election records are historically significant matters and that granting full access to the Affidavits is likely to promote public understanding of these events. The Court

4

also cannot ignore that the redacted information concerns both public officials and a matter of public concern. Indeed, each of the witnesses currently holds a public office related to elections in Georgia and the underlying search at issue in this case involves a Georgia election.

In addition to the factors identified above, there has been some inconsistency that favors the public right of access. Specifically, while Respondent asserts that it is important that the names of these witnesses remain private and confidential, when Respondent filed the Affidavits, it did not omit key identifying information about these individuals. If privacy was a legitimate or pressing concern, that identifying information should have been redacted. Moreover, at least two of the witnesses have given public interviews concerning their involvement with this matter, and two witnesses joined an amicus brief filed in this case. [Doc. 78, p. 3]; [Doc. 80]. If these witnesses truly wanted to remain private, they would not have taken these actions.

The Court recognizes that Respondent asserts privacy interests and some concern about harm to the witnesses if the names are made public. Specifically, Respondent argues that the Court should maintain the names under seal because of the witnesses' "concerns over privacy, retaliation, and/or harassment associated with official confirmation of their providing evidence in a criminal investigation."

[Doc. 74, p. 2]. In the Court's view, however, maintaining these names under seal "would do little" to address these concerns. See Perez-Guerrero, 717 F.3d at 1236 (rejecting argument that sealing an identity was necessary where the name, photograph and identity had already been widely reported in the media). Indeed, the record in this case indicates that news outlets have already reported the identities of at least two of these witnesses. [Doc. 76, p. 231]; [Doc. 78, p. 3]. Moreover, the unredacted portions of the Affidavits make clear who these witnesses are by describing them by their current job titles. In short, because the identities of these witnesses are already known, maintaining the seal in this case does little to protect the privacy of these witnesses. See In re Four Search Warrants, 945 F. Supp. 1563, 1570–71 (N.D. Ga. 1996) (sealing only the names of witnesses in the affidavits that had not been released into the public domain). Under these facts, these factors cannot outweigh the common law right of access.

In summary, the Court has considered the applicable factors and finds that Respondent has not shown that good cause exists to overcome the presumption of the common law right of access. Indeed, the factors strongly weigh in favor of the public right of access and Respondent's stated interests do not change the balance. Thus, this Court finds that the public's common law right of access mandates the release of the witnesses' names.

## CONCLUSION

For the foregoing reasons, Glawe's Motion to Intervene and Unseal Court Records [Doc. 6] is **GRANTED**.  Within two days, Respondent is **DIRECTED** to file the Affidavits with no redactions except for the name of witness 10.

**SO ORDERED** this 4th day of May, 2026.

<br>

_____

**J. P. BOULEE**
United States District Judge